**FILED**

**JAN 2 4 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_Montgomery Carl Akers_
_#02866-081_
_P.O. Box 8500 (USP ADX)_
_Florence, Co. 81226_
(Enter your full name, prison number
and address)

v.

_Harrell Watts, Michael Nalley,_
_R. Wiley, Warden_
_Christopher Synsvoll_
_D.S.I. Cross_
_Dr. Bond_
(Enter the full name and address(es),
if know, of the defendant(s) in this
action)   _(SEE ATTACHED)_

_"BIVEN'S ACT FILING"_
_JURY TRIAL DEMAND_

Case: 1:08-cv-00140
Assigned To : Unassigned
Assign. Date : 1/24/2008
Description: Pro Se General Civil

JURY ACTION CASE RE-ASSIGNED FEB 27 2008 E.O. SULLIVAN, J. EGS

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. § 1983

This packet contains one copy of a complaint form and one copy of an application to proceed _in forma pauperis_. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $350.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court <u>must</u> access, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

    (1)    the average monthly deposits to your prison account, or
    (2)    the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

JAN 0 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_1_

( CONTINUATION PAGE )

## IV. PARTIES

DEFENDANT: D.T. CRIST, SPECIAL INVESTI-
IGATIVE AGENT, US PENITENTIARY - ADX,
FEDERAL BUREAU OF PRISONS

ADDRESS: P.O. BOX 8500
           FLORENCE, CO. 81226

DEFENDANT: M. BOND, S.I.S. TECHNICIAN,
US PENITENTIARY - ADX, FEDERAL BUREAU
OF PRISONS

ADDRESS: P.O. BOX 8500
           FLORENCE, CO. 81226

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you <u>must</u> submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copy to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Ave., N.W., Washington, D.C. 20001.

## I.   SUCCESSIVE CLAIMS

Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

## II.   PREVIOUS LAWSUITS

A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (X)

B.   Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )   No (X)

C.   If your answers to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

   1.   Parties to this previous lawsuit.

      Plaintiffs: _____

      _____

      Defendants: _____

      _____

   2.   Court (If federal court, please name the district; if state court name the county.)

      _____

   3.   Docket number: _____

   4.   Name of judge to whom case was assigned: _____

5.    Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

_____

6.    Approximate date of filing lawsuit: _____

_____

7.    Approximate date of disposition: _____

_____

## III.    PLACE OF CONFINEMENT

_____

_____

A.    Is there a prisoner grievance procedure in this institution?  Yes (✓)    No ( )
If your answer is Yes, go to Question III B.  If your answer is No, skip Questions III, B, C and D and go to Question III E.

B.    Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes ( )    No ( )

C.    If your answer is Yes to Question III B:

1.    To whom and when did you complain? _WARDEN (REGIONAL DIRECTOR.) OFFICE OF GENERAL Counsel, FBOP ; Consummated on october 11, 2007_

2.    Did you complain in writing?  (Furnish copy of the complaint you made, if you have one.)    Yes (✓)    No ( )

3.    What, if any, response did you receive?  (Furnish copy of response, if in writing.) _THE Responses Vacillated From THE Truth and became more "evasive and did not address my issues._

4.    What happened as a result of your complaint? _IT was denied._

_____

_____

D.    If your answer is No to Question III B, explain why not. _____

_____

_____

E.    If there is no prison grievance procedure in the institution, did you complain to prison authorities?    Yes ( )    No ( )

F.    If your answer is Yes to Question III E;

1.    To whom and when did you complain? _____

2.  Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)    Yes ( )    No ( )

3.  What, if any response did you receive? (Furnish copy of response, if in writing.)

4.  What happened as a result of your complaint? _____

## IV. PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A.  Name of Plaintiff: ~~Montgomery Watts~~ *Montgomery, Carl Akers #02866-081*
    Address: *P.O. Box 8500, Florence, Co. 81226*

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank, and their address in the fourth blank. Do the same for additional defendants, if any.

B.  Defendant: *Harrell Watts, Nation Appeals Coordinator, Federal Bureau of Prisons*
    Address: *320 First Street, N.W. Washington, D.C. 20534*

    Defendant: *Michael Nalley, Regional Director, Federal Bureau of Prisons*
    Address: *400 State Avenue, Gateway Complex-II Kansas City, Kansas 66101*

    Defendant: *R. Wiley, Warden, U.S. Penitentiary-ADX Federal Bureau of Prisons*
    Address: *P.O. Box 8500 Florence, Co. 81226*

    Defendant: *Christopher Synsvoll, Legal Advisor U.S. Penitentiary-ADX, Federal Bureau of Prisons*
    Address: *P.O. Box 8500 Florence, Co. 81226*

    *( Additional Defendants Attached )*

## V. STATEMENT OF CLAIM

State here briefly as possible the <u>facts</u> of your case.  Describe how each defendant is involved.
Include the names of other persons involved, dates, and places.  If you intend to allege a number
of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets, if
necessary.     *SEE ATTACHED.*

## VI.    RELIEF

State briefly exactly what you want the Court to do for you.

*SEE ATTACHED.*

Signed this *25TH* day of *DECEMBER*    ,    *2007*   .

_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

*12/25/07*
(Date)

_____
(Signature of Plaintiff)

## V. Statement of Claim

The plaintiff Montgomery Carl Akers hereby avers the following acts and actions of the named defendants, and each of them, that forms the basis for his complaint pursuant to violations of Title 42, United States Code, Section 1983, against the defendants and each of them, as a "Biven's Act" filing.

Beginning on February 08, 2007, the plaintiff was unofficially restricted from communicating with the outside world, without notice or due process, upon his

arrival at the United States Penitentiary-ADX, Florence, Colorado. The plaintiff was designated and transferred to the ADX facility by the National Designator, Federal Bureau of Prisons, ratified and approved by the Central Office of the Federal Bureau of Prisons, Washington, D.C..

The plaintiff was originally classified as a "low security" "in custody" prisoner on December 06, 2006. On or about February 07, 2007, the plaintiff was re-designated and classified as a TERRORIST

and GIVEN a "MAXIMUM MANAGEMENT VARIABLE" and PLACED AT THE ADX FACILITY TO SERVE HIS SENTENCE, AGAIN, WITHOUT due PROCESS OR NOTIFICATION.

BEGINNING ON FEBRUARY 08, 2007, ACTING ON THE advice and ORDERS OF <u>CHRISTOPHER SYNSVOLL</u>, a DEFENDANT HEREIN, RATIFIED and approved by <u>R. WILEY</u>, WARDEN, U.S. PENITENTIARY - ADX, <u>D.J. CRIST</u>, SPECIAL INVESTIGATIVE AGENT, a DEFENDANT HEREIN, AGREED and CONFEDERATED WITH DEFENDANT-SYNSVOLL, DEFENDANT-WILEY, and DEFENDANT <u>M. BOND</u>, S.I.S. TECHNICIAN, TO UNLAWFULLY

and without due process, confiscate the outgoing and incoming mail of the plaintiff without official notice or due process.

In said process the above named defendant's enlisted the collusion and co-operation of Unit Manager, Thomas Gomez, U.S. Penitentiary - ADX; and, Case Manager, Tena Sudlow, U.S. Penitentiary - ADX, to mislead the plaintiff into continuing to send his mail thru the "prison mailbox" only to have said mail intercepted by defendant's crew and bond,

and turned over to defendant - Synsvoll, who then copied and sent the plaintiff's mail to Special Agent James Kelzer, Federal Bureau of Investigation, Kansas City, Missouri.

The plaintiff's legal mail was confiscated and opened outside of his presence without his permission or warrant, as well. Said conduct of defendant's Synsvoll, Crist, Bond, Wiley, was then appealed via administrative remedy procedures to the North Central Regional Director, Federal Bureau of Prisons, as

ONGOING, DEFENDANT - MICHAEL NALLEY.

DEFENDANT - NALLEY, WHEN PRESENTED WITH THE FACTS, ACKNOWLEDGED, APPROVED, and CONFEDERATED WITH DEFENDANT'S WILEY, SYNS-VOLL, CRIST, BOND, IN THE CONTINUATION OF THE UNLAWFUL CONDUCT OF HIS EMPLOYEES and FAILED TO SUPERVISE THEM.

THE NEXT STEP TAKEN by THE PLAINTIFF WAS TO APPEAL TO THE OFFICE OF GENERAL COUNSEL, FEDERAL BUREAU OF PRISONS, WASHINGTON, D.C.. THE RESPONSE TO THE APPEAL OF THE PLAINTIFF CAME FROM HARRELL WATTS, NATIONAL APPEALS COORDINATOR, FEDERAL

BUREAU OF PRISONS, WASHINGTON, D.C.

THE APPEAL AND THE ISSUES PRESENTED TO MR. WATTS AS RATIFIED below by his STAFF are as Follows:

1) ON FEBRUARY 08, 2007, THE PLAINTIFF WAS CLANDESTINELY TRANSFERRED TO THE ADX-FACILITY AS A "MAXIMUM CUSTODY" without NOTICE OR DUE PROCESS, Constituting A violation OF his liberty INTERESTS; and,

2) ON FEBRUARY 08, 2007, THE PLAINTIFF WAS CLANDESTINELY PLACED ON "GENERAL CORRESPONDENCE RESTRICTIONS" without NOTICE OR DUE PROCESS; and,

3) THE PLAINTIFF'S legal MAIL has and CONTINUES TO be CONFISCATED, AT WILL, without NOTICE OR DUE PROCESS.

4) THE PLAINTIFF IS NOT being allowed TO EVEN CONTACT his IMMEDIATE Family.

DEFENDANT — WATTS, WHEN PRESENTED
WITH THE FACTS; ACKNOWLEDGED, APPROVED,
CHANGED, AND CONFEDERATED WITH DEFENDANT'S
NALLEY, WILEY, SYNSVOLL, CRIST, BOND,
TO VIOLATE THE FIRST, FOURTH, FIFTH,
EIGHTH, FOURTEENTH AMENDMENT RIGHTS
OF THE PLAINTIFF TO THE UNITED STATES
CONSTITUTION.

## VI. RELIEF

## Compensatory Damages

THE PLAINTIFF HEREBY SEEKS THE FOLLOWING
COMPENSATORY DAMAGES AGAINST THE NAMED
DEFENDANTS IN THE ABOVE COMPLAINT, AND

Each of them, as Follows:

1. Compensatory monetary damages against each defendant named in the above complaint for $4,627,800 (Four million, six hundred twenty seven thousand, eight hundred dollars) as the defendant's, and each of them, collectively and conspiratorially, caused the default in being able to contact family, friends, and legal assistance, which has led to the plaintiff having a civil case dismissed in Federal Court, that is, case No. 07-CV-00572-JCM-GWF, AKERS

v. KESZEI, UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA.

2. THE PLAINTIFF REINCORPORATES THE RELIEF SOUGHT IN PARAGRAPH -I OF THE RELIEF SECTION OF THIS COMPLAINT FULLY HEREON IN PARAGRAPH -Z. THE PLAINTIFF FURTHER SEEKS MONETARY DAMAGES AGAINST THE DEFENDANT'S, AND EACH OF THEM, IN THE COMPLAINT ABOVE FOR $30,000,000 (THIRTY MILLION DOLLARS) FOR THE DEPRIVATION AND LOSS OF HIS BUSINESS OF WHICH HE WAS UNDER CONTRACT IN SAID AMOUNT ABOVE.

PUNITIVE DAMAGES

THE PLAINTIFF REINCORPORATES THE RELIEF Sought IN PARAGRAPH's 1-2, OF THE RELIEF SECTION OF THIS Complaint Fully HEREIN IN PARAGRAPH - 3.

3. THE PLAINTIFF SEEKS MONETARY PUN-ITIVE DAMAGES AGAINST THE DEFENDANTS, and EACH OF THEM, IN THE Complaint above FOR $250,000 and TREBLE DAMAGES IN THIS AMOUNT due TO THE DEFENDANT'S willful and WANTON CONSPIRACY AGAINST THE PLAINTIFF IN RETALIATION FOR HIS USE OF THE ADMIN-ISTRATIVE REMEDY PROVISIONS OF THE FEDERAL

Bureau of Prisons and the redress available to him in the U.S. Courts.

## Special Damages

The plaintiff reincorporates the relief sought in paragraph's 1-3, of the relief section of this complaint fully set forth herein in paragraph -4.

4. The plaintiff seeks monetary and other special damage relief as the jury and court may decide against the defendant's, and each of them, in the complaint above relating to the defendant's active desire to destroy the marriage and financial

and Social Lives of the plaintiff and his wife, by unlawfully barring their communication that serves no legitimate penological purpose and, was done for the expressed intent to retaliate against the plaintiff for the content of his First Amendment Right to free speech in his communications to his wife, friends, and the media.

INJUNCTIVE RELIEF

The plaintiff reincorporates the relief sought in paragraph's 1-4, of the relief section of this complaint as fully set

HEREIN IN PARAGRAPH - 5.

5. THE PLAINTIFF SEEKS INJUNCTIVE RELIEF AGAINST THE DEFENDANTS, AND EACH OF THEM, IN THE Complaint ABOVE FROM INTERFEARRING WITH his FIRST AMMENDMENT RIGHTS TO COMMUNICATE WITH his Family; FRIENDS; THE COURTS; ATTORNEY'S; AND, his FINANCIAL INSTITUTIONS WITHOUT NOTIFICATION OF A WRONGDOING OR VIOLATION OF THE LAWS OR PRISON RULES WHICH REQUIRE DUE PROCESS AND A LEGITIMATE PENOLOGICAL INTEREST IN doing so.

THE PLAINTIFF ALSO SEEKS INJUNCTIVE

RELIEF AGAINST HARRELL WATTS, PERSONALLY and PROFESSIONALLY, IN upholding THE PLAIN-TIFF'S UNlawFul PLACEMENT AT THE ADX Facility, UNDER "MAXIMUM Custody" AS a "TERRORIST".

EACH DEFENDANT IS BEING SUED IN THEIR PERSONAL and PROFESSIONAL CAPACITIES IN both MONETARY and INJUNCTIVE PHASES OF RELIEF IN THE above Complaint.

THE PLAINTIFF Also SEEKS Compensation FOR ATTORNEY FEE'S and Court Costs and OTHER FUTURE SPECIFIED EXPENSES IN PROS-ECUTING THIS Complaint UNDER 42 U.S.C. S.

-15-

1988, against the defendants, and each
of them, and, any further relief this
court may deem appropriate.

DATED: December 25, 2007    Respectfully Submitted,

Montgomery Carl Akers
Plaintiff / in Pro Se
Address: #02866-081
U.S. Penitentiary -ADX
P.O. Box 8500
Florence, Co. 81226

TWM – i 5008

-16-