UNITED STATES DISTRICT COURT

DISTRICT OF Columbia

**RECEIVED**

MAY 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NO. 08-CV-00140-EGS

MONTGOMERY CARL AKERS,

PLAINTIFF,

MOTION FOR APPOINTMENT
OF COUNSEL

V.

HARRELL WATTS, ET AL.,

DEFENDANTS.

---

COMES NOW THE PLAINTIFF MONTGOMERY CARL AKERS, IN PRO SE, WITH HIS ABOVE CAPTIONED MOTION FOR APPOINTMENT OF COUNSEL AND SO DOING AVERS THE FOLLOWING IN SUPPORT THEREOF:

1. ON JANUARY 24, 2008, A COMPLAINT FOR

Damages, suffered by the plaintiff, was filed in the above entitled matter in this court.

2. The complaint charges the constitutional violation(s) of several specified rights and privileges under the United States and Colorado Constitution(s) by the named defendants.

3. One of the substantive issues averred in the plaintiff's complaint alleges denial of access to the court(s); and, the ability to retain counsel to assist him in his legal pursuits.

4. The defendant's, and each of them, continue to obstruct the plaintiff in his lawful endeavors to this day. Said defendants in this action are willfully and knowingly abusing their

positions and authority under the Colour of Federal and State Law(s) as Federal Bureau of Prisons Correctional Personnel.

5. The plaintiff will now tender a declaration under the penalty of perjury, pursuant to 28 U.S.C. S. 1746, below, articulating the actions of the defendant's that forms the basis for the the instant motion and why said motion should be granted.

<u>Declaration By Montgomery Carl Akers</u>

I, The plaintiff Montgomery Carl Akers, having the ability to give the sworn testimony, below, due to his ability to testify to the same in the first person, swear that my testimony is true and correct under the penalty of perjury. On January 24, 2008,

-3-

I CAUSED THE INFORMATION IN THE Complaint IN THIS MATTER TO BE FILED IN THE UNITED STATES DIStrict Court, DISTRICT OF Columbia. I ATTEST and REAFFIRM My original underlying Complaint SubSTANCE THAT My ability TO Contact THE Courts; attorney's; My Family; business Relations; and FINANCIAL INSTITUTIONS IS being Unlawfully INTERFERED WITH by The DEFENDANT above CAPTIONED IN THIS CASE.

Specifically, THE ACTIONS OF DEFENDANT'S Christopher Synsvoll; DIANNA T. CRIST; MICHELLE Bond are THE overarching offending ENTITIES. MORE Specifically, DEFENDANT-Synsvoll, THE ADX legal advisor, beginning on or about FEBRUARY 18, 2004, began Contacting attorney's THAT WERE EITHER RETAINED; about-TO-BE RETAINED; or appointed by THE Court, TO Clandestinely

Line-up with an agenda the confederates with special agent James Kelley, Federal Bureau of Investigation, Kansas City, Missouri. [T]he [agenda], above, was to call the attorney's and courts the plaintiff dealt with and explain that the plaintiff is a "terrorist" and if they were to "impermissably communicate to or for the plaintiff" "they will be subject to investigation and formal federal criminal charges". This conduct has happened continuously to date.

Defendant's - Crist and Bonds have assisted Defendant - Synsvoll in holding the plaintiff's legal mail, clearly marked, going to various courts and attorney's. Said mail is then taken and opened and given to other inmates within

THE ADX FACILITY IN "H-UNIT" FOR ANALYSIS. THE PLAINTIFF'S MAIL IS THEN COPIED AND SENT TO SPECIAL AGENT (JAMES KELLEY); ASSISTANT U.S. ATTORNEY KIM I. MARTIN; AND LESLIE SMITH, CENTRAL OFFICE, FBOP, WASHINGTON, D.C..

THE PLAINTIFF'S LEGAL MAIL IS THEN RESEALED AND, IN SOME CASES, SENT TO THE ADDRESSEE IT IS INTENDED FOR; AND, IN SOME INSTANCES, NOT SENT. THE ADX STAFF DO NOT HAVE PERMISSION OF THE PLAINTIFF TO OPEN his OUTGOING LEGAL MAIL. THE ADX STAFF DOES NOT HAVE A WARRANT OR COURT ORDER TO OPEN, HOLD, OR CONFISCATE THE LEGAL MAIL OF THE PLAINTIFF. IF IT BE THE WISH OF THE COURT THE PLAINTIFF CAN ASSEMBLE AND PROVIDE AN EXHIBIT APPENDIX TO ATTEST TO THE VERACITY OF his STATEMENT(S) IN THIS DECLARATION.

The plaintiff will now list the attorney and court contacts he has made which have been interfered with and continue to be interfered with by defendant (s) Synsvoll; Crist; Bond:

Attorney's contacted by the plaintiff which have been directly contacted by defendant - Christopher Synsvoll

1). Roger L. Falk (appointed by the U.S. Court of Appeals, Tenth Circuit, case no. 06-3241);

2). Stephen Stein (retained) (Las Vegas, Nevada);

3). Vincent C. Todd (Lakewood, Colorado);

4). Nathan D. Chambers (Denver, Co.);

5). Elisa J. Moran (Denver, Co.);

6). Donald J. Knight (Littleton, Co.);

7). Allen Lichtenstein (Las Vegas, NV.);

8). Jose Francisco & Associates (Miami, FL.);

9). Marcia Shein (Atlanta, Ga.);

10). Rick Lopez (Colorado Springs, Co.);

11). Pamela Karlan (Stanford, CA);

12. MELANIE TOZMAN SLOAN (WASHINGTON, D.C.);

13. ROBERT SURRICK (PHILADELPHIA, PA.);

14. JAMES K. SLAVENS (FILLMORE, UTAH).

THERE ARE MANY MORE, TOO NUMEROUS TO LIST.

CLERK'S OF THE VARIOUS COURTS doing BUSINESS WITH THE PLAINTIFF CONTACTED by DEFENDANT - CHRISTOPHER SYNSVOLL

1). CLERK, U.S. DISTRICT COURT - COLORADO;

2). CLERK, COMBINED COURT, CUSTER COUNTY, COLORADO;

3). CLERK, NYE COUNTY, NEVADA;

4). CLERK, ESMERALDA COUNTY, NEVADA;

5). CLERK, U.S. DISTRICT COURT, NEVADA / LAS VEGAS;

6). CLERK, PITKIN COUNTY, COLORADO;

7). CLERK, JEFFERSON COUNTY, COLORADO.

AS A RESULT OF THE COLLECTIVE ACTIONS OF THE DEFENDANT'S, AND EACH OF THEM, COUPLED WITH THE FACT THAT THE PLAINTIFF CANNOT CONTACT HIS FAMILY, FRIENDS, OR FINANCIAL INSTITUTION(S), HE CANNOT MECHANICALLY

retain attorney's or pay filing fees in the various courts he seeks to redress his issues, herein, similarly and collaterally situated in other courts, as well as in this matter. Again, the defendants, if called upon to do so, cannot ground their unlawful conduct in any legitimate penological purpose. The single and sole purpose of the defendant's conduct is rooted in oppression and as a service(s) to special agent - Kester and prosecutor - Martin, in Kansas.

The aspects of the instant case will be unduly __complex__ in the way of case progression. There will be a massive amount of discovery that will be exchanged across the miles. Depositions and interrogatory discovery. There will be an intense fight for privileged information under

the guise of National security. In Sum, this case will "span the globe". And, most affirmatively, the bureau of prisons will continue to interfere with the plaintiffs incoming and outgoing mail. Therefore, with good cause shown, the plaintiff submits that he cannot access counsel or legal support and is thereby being denied meaningful access to this court.

Dated: May 10, 2008

s/

Executed at:

Montgomery Carl Akers
Affiant/Plaintiff

Florence, Co. 81226
(See attached sworn affidavit)
Attachment to page - 10

In two recent incidences, defendant's synthvoll directed defendant's crist and bond to hold mail that was sent "legal mail" to clerks of the

## DECLARATION UNDER PENALTY OF PERJURY

   The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct.  28 U.S.C. § 1746.  18 U.S.C. § 1621.

Executed at <u>Florence, Co.</u> on <u>May 10</u> , ~~198~~ 2008 .
       (Location)       (Date)

ATTACHMENT TO PAGE -10 (CASE NO. 08-CV-00140-EGS)
MOTION TO APPOINT COUNSEL

_____
       (Signature)

Montgomery Carl Akers
Affiant / Plaintiff

THE COURTS OF CUSTER County; JEFFERSON County; FREMONT County, Colorado. DEFENDANT - SYNSVOLL, KNOWING IT IS IMPERMISSIBLE TO ENGAGE IN EX-PARTE CONVERSATIONS WITH JUDGES and CLERKS INVOLVED IN A CASE WHERE HE IS A DEFENDANT, did So by Contacting MAGISTRATE Judge, RICHARD FREEMAN, OF THE ELEVENTH Judicial DISTRICT, STATE OF Colorado.

1. DEFENDANT-SYNSVOLL EXPLAINED TO Judge-FREEMAN [THE AGENDA], supra, INVOLVING S/A-JAMES KEBLEI. AT THAT TIME S/A-KEBLEI Contacted Judge-FREEMAN as well. S/A-KEBLEI IS also a DEFENDANT IN THE

---

1. THE ELEVENTH Judicial DISTRICT OF THE STATE OF Colorado COMPRISES BOTH CUSTER and FREMONT COUNTIES. MAGISTRATE Judge Richard FREEMAN PRESIDES OVER BOTH COUNTIES IN THIS RURAL AREA OF Colorado. Judge-FREEMAN handles most cases ON AN INTAKE LEVEL OF PRISONER FILINGS THAT ARE FILED IN STATE Courts by THE NEIGHBORING Colorado STATE CORRECTIONAL System.

CUSTER and FREMONT County MATTERS. AS A RESULT, PLAINTIFF'S RESPONSIVE PLEADING IN THE CUSTER County MATTER (CASE NO. 08CV9) ORDER DENYING POOR PERSON STATUS; MAILED by THE PLAINTIFF THRU THE "PRISON MAILBOX" TO THE CUSTER County COURT ON April 10, 2008, WAS NOT RECEIVED by THE CUSTER County CLERK UNTIL APRIL 28, 2008, WAS DISMISSED ON APRIL 24, 2008, FOR PLAINTIFF'S FAILURE TO RESPOND TO THE ORDER OF THE COURT TO PAY THE FILING FEE(S) ON MARCH 19, 2008. <u>2.</u> ON APRIL 24, 2008, MAGISTRATE JUDGE

---

2. THE PLAINTIFF SUBMITTED HIS RESPONSIVE PLEADING IN THE FORM OF A MOTION FOR RECONSIDERATION PLACED, POSTAGE PREPAID, IN THE PRISON MAILBOX FOR DELIVERY IN THE U.S. MAIL TO THE CUSTER County COURT ON APRIL 10, 2008. DOCUMENT EVIDENCE SHOWS THAT THE ADX MAILROOM DID NOT MAIL SAID PLEADING UNTIL APRIL 24, 2008, and RECEIVED by THE COURT ON APRIL 28, 2008. THE PLAINTIFF'S MOTION FOR RECONSIDERATION OUTLINES THE COURT'S MISCHARACTERIZATION OF THE RECORD and MOVES FOR REVIEW OF THE PRESIDING JUDGE.

Richard FREEMAN dismisses the 08CV9 action for not complying with the order of the courts.

The same set of facts have occurred in case no. 04CV8862, JEFFERSON County, Colorado. Defendant Synsvoll has routinely contacted the deputy clerks enlisting their cooperation in sabotaging the processes served on that court by the plaintiff seeking an order declaring his marriage filed in JEFFERSON County, in September, 2003, valid under Colorado Law(s). **3.** Subsequently, the responsive pleading's filed on March 08, 2008, for

_____

**3.** DEFENDANT - Synsvoll has enlisted the help of deputy clerks to file the wrong processes; delay the filing of the plaintiff's petitions; in order to frustrate the plaintiff's ability to prove, evidentiarily, that the legal office (Synsvoll and his staff) have uncon-stitutionally restricted his contact with his wife, GRAYEANE Schultz- Akers.

MAILING TO THE JEFFERSON COUNTY, COURTS, WERE CONFISCATED by ADX STAFF and NOT RECEIVED by THE COURTS. AS A RESULT, CASE NO. 07-CV8862 WAS DISMISSED ON MAY 05, 2008.

---

## LEGAL ARGUMENT

"PRISON WALLS do NOT ... SEPERAT[E] ... INMATES FROM PROTECTIONS OF THE CONSTITUTION". _Turner v. Safley_, 482 U.S. 78, 84, 96 L.Ed. 2d. 64 (1987); FREEDOM TO COMMUNICATE WITH THE OUTSIDE WORLD, _THORNBURGH v. ABBOTT_, 490 U.S. 401, 411-12, 104 L.Ed. 2d. 459 (1989), AND THE FREEDOM TO PETITION THEIR GOVERNMENT FOR REDRESS OF GRIEVANCES, _JOHNSON V. AVERY_, 393 U.S. 483, 485, 21 L.Ed. 2d. 718 (1969).

THE FOREGOING ANALYSIS WOULD NOT BE PERTINENT WERE

IF, THE RIGHT(S) AT ISSUE, THE RIGHT TO WHICH THE ACTUAL OR THREATENED HARM MUST PERTAIN TO THE DISMISSAL OF THE PLAINTIFF'S CLAIM. IN THIS CASE, NOT BEING ABLE TO ADEQUATELY RESPOND TO ACCESS THE COURT IS THE THREATENED HARM.

IN THE CASES TO WHICH <u>BOUNDS V. SMITH</u>, 430 U.S. 817, 821, 828, 52 L.Ed.2d. 72, TRACED ITS ROOTS, THE <u>BOUNDS</u> COURT PROTECTED THE RIGHT(S) OF PRISONERS FROM PRISON OFFICIALS ACTIVELY INTERFERING WITH IN-MATES ATTEMPTS TO PREPARE LEGAL DOCUMENTS, E.G. <u>JOHNSON V. AVERY</u>, 393 U.S. 483, 484, 489-90, <u>SUPRA</u>, OR FILE THEM, E.G., <u>EX PARTE HULL</u>, 312 U.S. 546, 547, 48-49, 85 L.Ed. 1034 (1941); <u>LEWIS V. CASEY</u>, 518 U.S. 343, 351, 135 L.Ed.2d. 606 (1996), FOR INDIGENT INMATES. THE "WELL-ESTABLISHED" RIGHT OF ACCESS TO THE

Courts ", an inmate in a federal suit, alleging a violation of Bounds had to show actual injury pursuant to the federal constitutional doctrine of standing. Denial of access to the court's constitutes "Actual injury" where the harm of lost, rejected, or impeded legal claims are concerned. Allen v. Wright, 468 U.S. 737, 751, 82 L.Ed.2d. 556 (1984).

In Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1990), the Ninth Circuit held that "policies will not be upheld if they unnecessarily abridge the defendant's (prisoner) meaningful access to his attorney and the court's", and that "the opportunity to communicate privately with an attorney is an important part of meaningful access." Id. See also Procunier v. Martinez, 416 U.S. 396, 419, 94 S. Ct. 1800 (1974) (holding: "Regulations and

PRACTICES THAT JUSTIFIABLY OBSTRUCT THE AVAIL-
ability OF PROFESSIONAL REPRESENTATION ... ARE
INVALID); INMATE'S ACCESS TO HIS ATTORNEY IS
INEXTRICABLY TIED TO HIS MEANINGFUL ACCESS TO
THE COURTS. Id. @ 416 U.S. 419, 94 S.CT. @ 1800.

---

Conclusion

AGAIN, THE PLAINTIFF AVER'S THAT HE CAN produce
AN EXHIBIT APPENDIX TO ESTABLISH THE VERACITY OF
ALL HIM CLAIMS CONTAINED IN THE MOTION, SWORN TO
UNDER OATH, by THE PLAINTIFF. THE PLAINTIFF FURTHER
AVERS THAT SAID documentation will be TURNED OVER IN
DISCOVERY AT A FUTURE phase OF THE proceedings OF
THIS CASE. DUE TO THE ARBITRARY AND CAPRICIOUS ACTIONS
OF THE DEFENDANT'S IN STEALING PLAINTIFF'S MAIL, HE
IS RELUCTANT TO SEND HIS only COPIES OR hardcopy OF
documentary EVIDENCE VIA PRISON MAIL handling.

THE PLAINTIFF BELIEVES THAT THE SUGGESTION(S) TO THIS honorable Court CAN Solve THE problem OF ACCESS TO THE Courts and Counsel, below, by Courts ORDER:

<u>PRAYER FOR RELIEF below</u>

i) FOR Order OF appointment OF Counsel UNDER THE Following Conditions:

   i. TO Contact PLAINTIFF'S FINANCIAL INSTITUTION(S) and PREPARE 2 Reports FOR THE Courts ON THE LEGITIMACY and SOLVENCY OF Funds on accounts FOR THE PLAINTIFF; and,

   ii. FOR THE Courts TO ASSESS THE FINANCIAL ITEMS and LEGITIMACY OF THE FINANCES OF THE PLAINTIFF; and,

   iii. IF THE Court FINDS THE PLAINTIFF'S FINANCES TO be LEGITIMATE AS PROFFERED by THE APPOINTED ATTORNEY'S INVESTIGATION, THE PLAINTIFF WILL THEN PAY THE Filing FEE'S IN THIS CASE; and,

iv. The appointed attorney can either agree to
represent the plaintiff or assist in the tran-
sition to another retained counsel.

No attorney will represent the plaintiff in this
or any other matter when federal authorities
contact them stating the money they will be paid
with by the defendant/plaintiff or his associates,
will land them in jail, "right next to him".

By ordering the above, the court will have an
answer to 98% of the facts averred in the complaint
... one way or the other ... by the plaintiff.

Wherefore, the plaintiff moves for an order(s)
of this honorable court suggested, above.

DATED: May 11, 2008                    Respectfully submitted,

                                       _____

                                       Montgomery Carl Akers
                                       Plaintiff, in pro se
                                       #02866-081, P.O. Box 8500
                                       Florence, Colorado 81226

## CERTIFICATE OF SERVICE

I hereby certify that on _May 11, 2008_ I sent a copy of
[date]

the _MOTION FOR APPOINTMENT OF COUNSEL_,
[name of document]

to: _CLERK, U.S. DISTRICT COURT, 333 CONSTITUTION AVE., N.W. WASHINGTON, D.C. 20001; AND, OFFICE OF THE U.S. ATTORNEY_
at _333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001,_

_VIA PRISON MAIL, POSTAGE PREPAID_, the last known address,
by way of United States mail or courier.

_May 11, 2008_
Date

_Montgomery C. Akers_
Signature