IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
JUN 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CIVIL ACTION NO. 08-CV-00140-EGS

MONTGOMERY CARL AKERS,
    PLAINTIFF,

VS.

HARRELL WATTS, ET AL.,
    DEFENDANTS.

MOTION TO CORRECT THE CAPTION OF CERTAIN DEFENDANT NAMES; AND, TO AMEND THE COMPLAINT IN THIS MATTER BASED ON NEWLY DISCOVERED EVIDENCE PURSUANT TO FED. RUL. CIV. PROC. R. - 15(2).

Comes now the Plaintiff Montgomery Carl Akers, in Pro Se, with the above captioned motion(s) and in so doing avers the following in support thereof:

-1-

I. FACTUAL BACKGROUND

After the plaintiff effectively exhausted his administrative remedies with the Federal Bureau of Prisons regarding the named defendants in this case, the plaintiff caused to be filed his verified complaint, in this Court, on January 24, 2008.

In the time since the filing of his complaint, the plaintiff has continued to investigate ancillary bad acts of Bureau of Prisons and other federal and state law enforcement and judicial authorities that have aided and abetted the named

DEFENDANT'S IN THIS MATTER.

AS A RESULT OF PLAINTIFF'S PROTRACTED AND ARDUOUS INVESTIGATION THE PLAINTIFF HAS DETERMINED THAT A "HISTORICAL CONSPIRACY" HAS EXISTED THAT PREDICATED THE ALLEGATIONS OF THE INSTANT COMPLAINT, BY THE PLAINTIFF, NOW BEFORE THIS COURT.

THE PLAINTIFF MOVES IN THE FIRST INSTANCE TO CORRECT THE CAPTION IN THIS CASE TO REFLECT THE COMPLETE SPELLING OF THE NAMES DEFENDANT'S IN THIS MATTER:

DEFENDANT - DIANNA J. CRIST
(FORMERLY ENTITLED; D.J. CRIST)

DEFENDANT - MICHELLE BOND
(FORMERLY ENTITLED; M. BOND)

-3-

II. MOTION TO FIRST AMENDMENT OF THE Complaint Pursuant to Federal Rules of Civil Procedure, Rule-15(a)

THE Plaintiff hereby avers the following verified facts and acts and actions of the proposed named Defendant's to be joined with their Co-Conspirators under 42 U.S.C. § 1985(3):

Defendant - CARL CRAWFORD, Federal Bureau of Prisons, Regional Designator, Kansas City, Kansas; and,

Defendant - MICKEY E. RAY, Federal Bureau of Prisons, Warden, Leavenworth, Kansas; and,

Defendant - MERCER PATTERSON, JR., Federal Bureau of Prisons, S.I.S. Lieutenant, Marion, Illinois; and,

-4-

DEFENDANT - LESLIE SMITH, FEDERAL BUREAU OF PRISONS, ANTI TERRORISM - CHIEF, WASHINGTON, D.C.; and;

DEFENDANT - JEFFREY YORK, FEDERAL BUREAU OF PRISONS, S.I.S. TECHNICIAN, FLORENCE, Colorado; and,

DEFENDANT - JOSE ARROYO, FEDERAL BUREAU OF PRISONS, S.I.S. TECHNICIAN / CORRECTIONAL COUNSELOR, FLORENCE, Colorado; and,

DEFENDANT - ROBERT WERLICH, FEDERAL BUREAU OF PRISONS, UNIT MANAGER, WASHINGTON, D.C.; and,

DEFENDANT - SHERRY BECKER, FEDERAL BUREAU OF PRISONS, CASE MANAGER, FLORENCE, Colorado; and,

DEFENDANT - VICTOR ENSLOW, FEDERAL BUREAU OF PRISONS, CASE MANAGER, FLORENCE, Colorado; and,

DEFENDANT - M. Pullens, FEDERAL BUREAU OF PRISONS, CASE MANAGER, FLORENCE, Colorado;

-5-

DEFENDANT - R. STOREY, FEDERAL BUREAU OF PRISONS, SPECIAL INVESTIGATIVE AGENT, FLORENCE, COLORADO; and,

DEFENDANT - TENA SUDLOW, FEDERAL BUREAU OF PRISONS, CASE MANAGER, FLORENCE, COLORADO; and,

DEFENDANT - GEORGE KNOX, FEDERAL BUREAU OF PRISONS, CORRECTIONAL COUNSELOR, FLORENCE, COLORADO; and,

DEFENDANT - WENDY HEIM, FEDERAL BUREAU OF PRISONS, INMATE SYSTEMS MANAGER, FLORENCE, COLORADO; and,

DEFENDANT - G.B. CHURCH, FEDERAL BUREAU OF PRISONS, CORRECTIONAL CAPTAIN, FLORENCE, COLORADO; and,

DEFENDANT - TERESA MONTOYA, FEDERAL BUREAU OF PRISONS, LEGAL ADVISOR, FLORENCE, COLORADO; and,

DEFENDANT - JAMES KEBZEI, FEDERAL BUREAU OF INVESTIGATION, KANSAS CITY, MISSOURI; and,

DEFENDANT - KIM M. BERGER, AKA - KIM I. MARTIN, ASSISTANT U.S. ATTORNEY, KANSAS CITY, KANSAS; and,

DEFENDANT - FREDDY-BOY LAWRENCE, ACTING AS SPECIAL AGENT, LEAVENWORTH, KANSAS; and,

DEFENDANT - ROBERT MUNDT, ACTING AS SPECIAL AGENT, LEAVENWORTH, KANSAS; and,

DEFENDANT - KENNETH DAUGHERTY, ACTING AS SPECIAL AGENT, LEAVENWORTH, KANSAS; and,

DEFENDANT - BRUCE ROBERTS, ACTING AS SPECIAL AGENT, LEAVENWORTH, KANSAS; and,

DEFENDANT - SANDRA ELLIOTT, ACTING AS SPECIAL AGENT, LEAVENWORTH, KANSAS; and,

DEFENDANT - J. SHIELDS, ACTING AS SPECIAL AGENT, LEAVENWORTH, KANSAS; and,

DEFENDANT - DENNIS CONLEY, SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION, KANSAS CITY, MISSOURI; and,

-7-

DEFENDANT - MICHAEL SHUTE, Supervising U.S. Marshal, Kansas City, Kansas; and,

DEFENDANT - CHRISTOPHER JOHNSON, Deputy U.S. Marshal, Kansas City, Kansas; and,

DEFENDANT - SEAN FRANKLIN, Deputy U.S. Marshal, Kansas City, Kansas; and,

DEFENDANT - MICHAEL BARKER, U.S. Probation Officer, Kansas City, Kansas; and,

DEFENDANT - MICHAEL HARRIS, Acting as Special Agent, Kansas City, Kansas; and,

DEFENDANT - SCOTT GYLLENBORG, Acting as Special Agent, Olathe, Kansas; and,

DEFENDANT - FOREST LOWRY, Acting as Special Agent, Kansas; and,

DEFENDANT - JACQUELYN E. ROKUSEK, Acting as Special Agent, Olathe, Kansas; and,

DEFENDANT - MELISSA DOE, Acting as Special Agent, Olathe, Kansas; and,

-8-

DEFENDANT - Richard FREEMAN, ACTING AS SPECIAL AGENT, WESTCLIFFE, Colorado; and,

DEFENDANT - Linda C. WRWLER, ACTING AS SPECIAL AGENT, WESTCLIFFE, Colorado; and,

DEFENDANT - ZITA L. WEINSHIENK, ACTING AS SPECIAL AGENT, DENVER, Colorado; and,

DEFENDANT - Boyd N. Boland, ACTING AS SPECIAL AGENT, DENVER, Colorado; and,

DEFENDANT - ELISABETH A. Shumaker, ACTING AS SPECIAL AGENT, DENVER, Colorado; and,

DEFENDANT - Richard E. CRESSLER, ACTING AS SPECIAL AGENT, DENVER, Colorado; and,

DEFENDANT - CHRISTINE VAN CONEY, ACTING AS SPECIAL AGENT, DENVER, Colorado; and,

DOES 1 - 15 UNKNOWN AT THIS TIME DUE TO REDACTED MATERIAL INFORMATION.

Begining in/on June 10, 2001, Defendant - Carl Crawford, acting in conjunction with Defendant - Mickey E. Ray, adopted and confederated with a plan that was conceived by Defendant Dennis Conway and Defendant Doe #No. 1, a Special Agent in the Anti-Terrorist Section of the Federal Bureau of Investigation, Washington, D.C..

Defendant - Conway had engaged the Anti-Terrorist Sections help investigating the plaintiff for alleged "Terrorist Activities" against Republican members of the U.S. Department of Justice.

Begining in July, 2001, the Anti-Terrorist Section opened an investigation on the plaintiff and many of his family members and associates.

-10-

The acts and actions of the remaining defendants were taken against the plaintiff at the central direction of S/A - DOE #1, from the Washington, D.C., Office of the Federal Bureau of Investigation, that are unlawfully without merit.

Continuing in July, 2001, defendant-Conway acted as oversight of Federal Bureau of Prisons personnel, defendant-Mercer Patterson, Jr., Leslie Smith; Jeffrey York; Jose Arroyo; Robert Werlich; Sherry Beicker; and, those unknown to the plaintiff at this time, in oppressing the plaintiff.

Defendant-Conway conduct an information pathway between the Washington, D.C., FBI Headquarters

-11-

, and the Kansas City, Missouri, Field Office of the FBI, and the United States Penitentiary - Administrative/Maximum Facility, Florence, Colorado, in furtherance of [t]heir unlawful scheme.

In September, 2001, Defendant-Conway continued to serve as a paid "advisor" and information portal for S/A-Doe #1, Washington, D.C..

Agent Doe #1 took over the handling of this investigation in October, 2001, and now handles Defendant-Leslie Smith, directly, in the implementation of unconstitutionally oppressive measures upon the Plaintiff as conditions of his confinement at the ADX, in order to unlawfully seize his finances.

-12-

The Acts and Actions of the Amended Complaint will detail, meticulously, the historical conspiracy; which will be plead, that continues as of this date; as coordinated by the Federal Bureau of Investigation, Washington, D.C.; with regard to all named proposed Defendants to be Amended to This Action. Said Amended Complaint will detail the Defendant's Actions in Violation(s) of the Law(s) and Constitution of the United States

III. Subject Matter Jurisdiction Over Non-Resident Defendants by This Court

Article III of the Federal Constitution States

-13-

that Federal Courts have original jurisdiction over "all cases, in law and equity, arising under this Constitution (Emphasis added).

In Bell v. Hood, the Supreme Court explained that "where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the Federal Court, but for two possibilities (possible exceptions [,] . . . must entertain the suit." 327 U.S. 678, 681-82, 66 S. Ct. 773 (1946) (Emphasis added).

The two "possible exceptions" are claims that "clearly appear [] to be immaterial and made solely for the purpose of obtaining jurisdiction" or claims that are "wholly insubstantial and frivolous". Id. @ 682-83; Simmat v. United States

-14-

Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005). The plaintiff will prove by irrefutable evidence that prison conditions that he has endured (and continues to endure) are atypical and designed to create significant hardship in relation to the ordinary incidents of prison life, which violate plaintiff's liberty interest protected by the Due Process Clause of the Fifth Amendment. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995).

Next, the Court must decide if it can exercise personal jurisdiction over the non-resident defendants. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73, 105 S.Ct. 2174 (1985).

Because the proposed defendants and the defendant's already named meet the test of "minimum contacts" of a "continuous and systematic nature", the forum jurisdiction in this case is the District of Columbia. See Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414-16, 104 S.Ct. 1868 (1984). There is no question that the defendant's "purposefully directed" their activities from the District of Columbia upon the plaintiff in several jurisdictions.

Wherefore, the plaintiff Montgomery Carl Akers moves this honorable court to amend his complaint pursuant to Fed. Rul. Civ. P. R. 15(a).

DATED: JUNE 14, 2008

Respectfully Submitted,

/s/

MONTGOMERY CARL AKERS
PLAINTIFF, IN PRO SE
#02866-081/U.S. PEN-MAX
P.O. BOX 8500
FLORENCE, CO. 81226

# CERTIFICATE OF SERVICE

I, the undersigned, hereby serve my two motions: Motion for Continued Service and to Correct Caption/Amend Complaint, postage prepaid, in the "Prison Mailbox" for delivery in the U.S. Mail, this 14th day of June, 2008, to:

Clerk, U.S. District Court
District of Columbia
333 Constitution Ave., NW
Washington, D.C. 20001

s/ T

Montgomery C. Allans
Plaintiff, in Pro Se