IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF Columbia

CIVIL ACTION NO. 08-CU-00140 - EGS

RECEIVED

JUN 3 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Montgomery Carl Akers,

        Plaintiff,

VS.

Harrell Watts, et al.,

        Defendants.

MOTION FOR INTERIM
INJUNCTIVE RELIEF
AND ORDER OF THE Court
TO SERVE INTERROGATORIES
PURSUANT TO FED. R. CIV.
P. 33(a) ON THE NAMED
PARTIES IN THIS MOTION
by PLAINTIFF MONTGOMERY
CARL AKERS

Comes Now the Plaintiff Montgomery Carl

Akers, in pro se, with the desired relief

in the above captioned motion and in so

doing avers the following in support thereof:

— 1 —

This Court may issue interim injunctive relief only when the movant demonstrates:

(1) a substantial likelihood of success on the merits, (2) that it would suffer irreperable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

Nova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1066 (D.C. Cir. 1998); CityFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d 738, 746 (D.C. Cir. 1995); Kotz v. Lappin, 515 F. Supp. 2d

143, 147 (D.C. CIR. 2007).

# I. FACTUAL BACKGROUND

A. THE PLAINTIFF IS BEING DENIED DUE PROCESS OF LAW AND PROTECTED LIBERTY INTERESTS by THE NAMED DEFENDANTS IN THIS MATTER

BEGINING ON JANUARY 25, 2007, THE PLAINTIFF MONTGOMERY AKERS (HEREAFTER REFERRED TO AS " THE PLAINTIFF") BECAME THE RECIPIENT OF CLANDESTINE and UNLAWFUL and UNCONSTITUTIONAL DEPRIVATIONS OF HIS CIVIL RIGHTS by UNITED STATES FEDERAL BUREAU OF PRISONS AUTHORITIES. THE UNLAWFUL and DEP-RIVATIVE CIVIL RIGHTS VIOLATION'S ALLEGED by THE PLAINTIFF ENTAIL RESTRICTIONS BEING PLACED UPON HIS PERSON WITHOUT DUE PROCESS. SAID DEPRIVATIONS

include being classified as a TERRORIST; denied access to the public; family; friends; legal support personnel; to REPRESENTATION by Counsel; and Meaningful access to the Courts.

In Conjunction with the above listed deprivations, the plaintiff is also being denied access to his finances and personal property, again, with no due process and a NEUTRAL legitimate penological interest. As a result, the plaintiff cannot provide for his wife and family in the first instance. The plaintiff has learned that his wife, GRAZYNA Schulz, has been living on welfare in her NATIVE Country of poland, broke

and destitute. GRAZYNA Schulz LIVES IN a ONE room shanty apartment in wien, poland, since February, 2007, with no heat in the winter time. GRAZYNA Schulz has contracted an acute high-blood pressure disorder that is LIFE THREATENING.

As the plaintiff understands her condition(s) from the austerity of his confinement, Mrs. Schulz has been hospitalized for this ailment. In January, 2007, the plaintiff caused a trust to be set-up for his wife and to provide for his legal defense and start-up of new businesses to be operated by a third party for the duration of his confinement.

ON January 23, 2007, PRISON AUTHORITIES OF THE FEDERAL TRANSFER CENTER, FEDERAL BUREAU OF PRISONS, OKLAHOMA CITY, OKLAHOMA, Illegally CONFISCATED a $100,000 CERTIFIED CHECK Payable TO THE PLAINTIFF'S LAWYER, STEPHEN STEIN, LAS VEGAS, NEVADA, which CHECK REPRESENTED THE PROCEEDS OF FUNDS ISSUED FROM PLAINTIFF'S TRUST FOR HIS DEFENSE IN FEDERAL CRIMINAL APPELLATE PROCEEDINGS.

TO THIS DATE NO CONFISCATION FORM, WARRANT, OR SUBPOENA HAS BEEN SERVED UPON THE PLAINTIFF REGARDING THE CONFISCATION OF SAID TRUST CHECK.

THE CHECK WAS ULTIMATELY RETURNED TO THE

PLAINTIFF'S FINANCIAL INSTITUTION.

ON FEBRUARY 08, 2007, THE PLAINTIFF WAS TRANSFERRED TO THE UNITED STATES PENITENTIARY / ADMINISTRATIVE MAXIMUM FACILITY, FLORENCE, COLORADO. SAID TRANSFER AND CLASSIFICATION AS "MAXIMUM CUSTODY" WAS DONE WITHOUT DUE PROCESS. THE PLAINTIFF WAS THEN AND THERE PLACED ON "RESTRICTED GENERAL CORRESPONDENCE" "AS A MATTER OF CLASSIFICATION". INITIALLY, UPON THE PLAINTIFF'S FIRST CONTACT WITH HIS ASSIGNED CASE MANAGER, TENA SUDLOW, SUDLOW EXPLAINED THAT A HARDCOPY NOTIFICATION OF RESTRICTED CORRESPONDENCE WOULD BE FORTHCOMING OUTLINING SAID RESTRICTIONS; AND UNDER WHAT REASONING AND AUTHORITY THEY WERE

being placed upon the plaintiff. On February 21, 2007, the plaintiff was notified, in writing, that he was being placed on restricted correspondence, as a matter of classification, due to his recent conviction for "utilizing the mail to run a fraudulent business". This rationale has no legal or factual basis. 1. (see exhibit #1). The plaintiff was convicted of a one count outlining a violation of 18 U.S.C. S. 1343, wire fraud. This conviction is now being challenged on appeal before the

1. During the course of exhausting his administrative remedies on this issue, the plaintiff proffered that no conviction was had in the plaintiff's criminal case no. 04-20089-KHV-1, District of Kansas. The only mention of anything to do with the mail came at the eleventh hour of plaintiff's sentencing hearing whereby the prosecutor averred that the plaintiff's written communications should be restricted as a precautionary preemption, not on the basis of criminal conduct.

-8-

UNITED STATES SUPREME COURT FOR LACK OF SUBJECT MATTER JURISDICTION. 1. THE PROSECUTOR AVERRED THAT THE PLAINTIFF IS A "PROLIFIC WRITER" and THAT THE COURT SHOULD RECOMMEND TO THE BUREAU OF PRISONS THAT THE PLAINTIFF'S ABILITY TO COMMUNICATE WITH [ THE OUTSIDE WORLD ] BE RESTRICTED. (SEE EXHIBIT # 2 ).

THE PLAINTIFF REALIZES THAT THIS COURT IS NOT PARTICULARILY CONCERNED WITH THE UNDERLYING ISSUES

___

2. THE UNDERLYING CRIMINAL CONVICTION WAS HAD BASED UPON INEFFECTIVE ASSISTANCE OF COURT-APPOINTED COUNSEL(S) TO ARGUE THAT THE WARE FRAME INDICTMENT WAS FACTUALLY AND LEGALLY IMPOSSIBLE. BOTH TRIAL AND APPELLATE COUNSEL(S) WERE IN LEAGUE WITH THE PROSECUTION AND THE COURT(S) TO RAILROAD THE PLAINTIFF WITH LEGAL ADVISE. SUBSEQUENTLY, THE TENTH CIRCUIT COURT OF APPEALS, CASE NO. 08-3073, HELD THAT THE PLAINTIFF'S FED. R. CRIM. P. 12(b)

WHICH ARE THE BASIS FOR PLAINTIFF'S JUDGEMENT AND CONVICTION. TO THE EXTENT THAT THE BUREAU OF PRISONS IS USING ANY FACTS GENERATED AS A RESULT OF THE CRIMINAL PROCEEDINGS; THIS COURT HAS JURISDICTION. THE ADX B.O.P. STAFF DEFENDANTS CONTINUE TO INTERFERE WITH THE RIGHT(S)

2. (CONTINUED) (3) MOTION TO VOID HIS CONVICTION WAS NOT TO BE ENFORCED by APPEAL WAIVER, CITING **UNITED STATES V. LYONS**, 510 F.3d 1225, 1233 (10TH CIR. 2007) WHICH IS NOT ANALOGOUS TO THE PLAINTIFF'S ISSUES ON APPEAL CHALLENGING THE COURT'S SUBJECT MATTER JURISDICTION WHICH HAS BEEN HELD by THE UNITED STATES SUPREME COURT AS NOT WAIVEABLE UNDER **UNITED STATES V. COTTON**, 535 U.S. 625, 630 (2002).

OF THE PLAINTIFF'S MEANINGFUL ACCESS TO THE COURTS TO DATE. AS A RESULT, THE FOLLOWING CASES, LISTED BELOW, HAVE BEEN DISMISSED BECAUSE THE PLAINTIFF COULD NOT PAY THE FILING FEE; OR, INTERFERENCE by EX-PARTE COMMUNICATION OF/ FROM THE NAMED DEFENDANT(S) IN THIS MATTER:

1) CASE NO. CV26313
   <u>AKERS v. ROKUSEK</u>, ET AL.,
   NYE COUNTY DISTRICT COURT, NEVADA
   <u>DISPOSITION</u>: CASE DISMISSED BECAUSE PLAINTIFF WAS FOUND CAPABLE OF PAYING FILING FEES. DEFENDANT - CHRISTOPHER SYNSVOLL ENGAGED IN EX-PARTE CONTACT WITH THE COURT ASKING THAT THEY RULE IN THIS WAY. PLAINTIFF WAS DENIED TO COMMUNICATE WITH HIS FAMILY TO PAY THE FILING FEE by DEFENDANT - ROBERT WILEY ON MARCH 20, 2008. (<u>SEE EXHIBIT #4</u>)

2) CASE NO. 08-CV-09

<u>MEERS V. KETTEI</u>

CUSTER County, Colorado DISTRICT Court

<u>DISPOSITION</u>: PRIOR TO THE Complaint being Filed by the plaintiff in The above Court, DEFENDANT(S) Michelle Bond, Dianna T. Hart, Christopher Synsvoll, INTERCEPTED The plaintiff's legal Mail CONTAINING THE Complaint TO be Filed and illegally opened said Mailing. DEFENDANT Synsvoll THEN CONTACTED THE CLERK OF THE ELEVENTH Judicial DISTRICT Court, CUSTER County, Colorado; and, Magistrate Judge Richard FREEMAN, TO adversely decide plaintiff's IN FORMA PAUPERIS Motion as a TACTIC IN denying plaintiff access TO THIS Court. (<u>SEE EXHIBIT #3</u>).

THE plaintiff has continued TO Try and ESTABLISH contact WITH his wife, an immediate Family MEMBER, authorized For Correspondence. ADX prison warden, Robert Wiley, has used several ancillary Reasons For

denying contact with Plaintiff's wife. First, the reasoning was "Fraudulent use of the mails" (Exhibit #6). Then it was that the prison could not verify marriage of Plaintiff and Ms. Schulz. 3. Once Plaintiff traversed that gobbledygunk (Exhibit #6) Defendant-Wiley then claimed that the marriage of the Plaintiff and Ms. Schulz was invalid under Colorado law (Exhibit #5). Once again, the Plaintiff moved the Jefferson County, Colorado,

3. In February, 2007, the Plaintiff was interviewed by Defendant-Bond in relation to the validity of said marriage. Plaintiff explained that a copy of Plaintiff's marriage filing was in his central file. Plaintiff also informed Bond that Ms. Schulz had visited with him previously at the ADX. The Plaintiff's marriage was well known to the ADX prison authorities, including Defendant-Bond.

DISTRICT COURT, WHERE THE MARRIAGE WAS FILED AND CERTIFIED IN SEPTEMBER, 2003, FOR OFFICIAL COURT ORDER. AS A RESULT, DEFENDANT-Wiley RESPONDED TO THE PLAINTIFF WITH YET ANOTHER FRIVOLOUS AND ILLEGITIMATE REASON TO deny contact STATING PLAINTIFF USED MS. Schultz TO defraud OTHERS, AND HERSELF. (EXHIBIT #7). AS WELL, DEFENDANT-Wiley DENIED Contact WITH A REPUTABLE legal support business willing TO help THE PLAINTIFF; D&J LITIGATION AS "FICTICIOUS". THE only THING FICTICIOUS about D&J LITIGATION IS THE NAME. (EXHIBIT #8). AGAIN, THE ASSERTIONS OF DEFENDANT-

Wiley with regard to Ms. Schultz and D;V are wholly without credibility and blatantly false. Defendant - Wiley continues to aid and abet Defendant - Synsvoll in the interference with legal mail going to and coming from attorney's the Plaintiff seeks to contact.

To succeed on a due process claim for interim injunctive relief, the plaintiff that "(1) it has a constitutionally protected life, liberty or property interest and (2) the procedures employed deprived the plaintiff of that interest without constitutionally adequate procedure". _Kotz v. Lappin_, Supra, @ 149.

TO JUSTIFY PRELIMINARY RELIEF, THE PLAINTIFF MUST ALSO DEMONSTRATE THAT THE INJURY IS CERTAIN, GREAT, ACTUAL AND NOT THEORETICAL. Id. @ 151.

THE PUBLIC CERTAINLY HAS AN INTEREST IN THE JUDICIARY INTERVENING WHEN PRISONERS RAISE ALLEGATIONS OF CONSTITUTIONAL VIOLATIONS. Id. @ 152-153.

A PRISONER'S ACCESS TO THE COURTS MUST BE " ADEQUATE, EFFECTIVE, AND MEANINGFUL". OMAR V. HARVEY, 514 F.Supp. 2d 74, 77 (D.D.C. 2007) (quoting BOUNDS V. SMITH, 430 U.S. 817, 822, 97 S.Ct. 1491 (1977).

THE PLAINTIFF IS CLASSIFIED AS A TERRORIST WITHOUT ANY FACTUAL OR VALID CONVICTION UNDER THE LAWS

OF THE UNITED STATES. HE IS BEING HELD IN MORE AUSTERE CONDITIONS THAN PRISONERS AT THE U.S. NAVAL BASE GUANTANAMO BAY, CUBA. WHAT THE GOVERNMENT IS ATTEMPTING TO DO IS ABROGATE THE ATTORNEY-CLIENT PRIVILEGE. SAID ABROGATION IS DEFINED IN THIS CASE BY INTIMIDATING WOULD-BE COUNSEL(S) TO COOPERATE WITH THE GOVERNMENT. THE GOVERNMENT WANTS TO CONTINUE ITS MALICIOUS PROS-ECUTION OF THE PLAINTIFF BY ELIMINATING ANY PERSON WHO CAN PROVIDE A RESOURCE TO THE PLAINTIFF.

THE SUPREME COURT HAS STATED THAT

[t]HE ATTORNEY-CLIENT PRIVILEGE IS THE OLDEST OF COMMON LAW PRIVILEGES FOR COMMUNICATIONS KNOWN TO THE COMMON LAW. ITS PURPOSE IS TO ENCOURAGE FULL AND FRANK COMMUNICATIONS BETWEEN ATTORNEYS

and their clients and thereby promote broader public interests in the observance of law and administration of justice. The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client.

UPJOHN CO. V. UNITED STATES, 449 U.S. 383, 389 (1981).

THE CERTAINTY OF THE RELIEF HAS ALREADY PASSED.

AS A RESULT OF BEING DENIED MEANINGFUL APPELLATE COUNSEL, CORRUPTIBLE FORCES IN THE UNITED STATES DISTRICT COURT, DISTRICT OF KANSAS, AND CERTAIN EGRE-GIOUS JUDICIARY IN THE U.S. COURT OF APPEALS, FOR THE TENTH CIRCUIT . . . KNOWING ALL THE TRUE FACTS

and OPPRESSIVE PROSECUTION SURROGATE Conduct dis-
missed his appeal without even Reading his brief,
which is commonplace TREATMENT OF INDIGENT PRIS-
ONERS (IN THE TENTH CIRCUIT) PROCEEDING IN PRO SE.

As well, DEFENDANT'S, and each of THEM, IN THIS
MATTER, are PRESENTLY withholding legal mail coming
from THE PITKIN County, Colorado, DISTRICT Court IN
CASE NO. 08-CV-77. The B.O.P. DEFENDANT'S know
that the Court has issued summons and Service of
the PLAINTIFF'S ancillary STATE damage Complaint
against THEM.

The great impact "Actual Injury" IS NOTHING
less than a hydra of loss. FIRST, THE PLAINTIFF'S

PROPERTY IN CUSTER County, Colorado, APPRAISED AT $605,000, WAS LOST. THIS WAS THE home his WIFE WAS TO RESIDE IN. SECOND, THE damage TO PLAINTIFF'S REPUTATION IN THIS Community IS GREAT. DUE TO THE Collusion and FORTHCOMING Collusion BETWEEN B.O.P. DEFENDANTS and JAMES KESZEI, 4. THE PLAINTIFF HAS OUTSTANDING and ACCRUING debt TO PROFESSIONALS IN THIS Community. NO MATTER WHAT HAPPENS, THE PLAINTIFF WILL <u>NEVER</u> RISE ABOVE THE

4. JAMES KESZEI IS a SPECIAL AGENT WITH THE FEDERAL BUREAU OF INVESTIGATION who HANDLES A CONTRACT AGENT by THE NAME OF NICHOLAS VOULGARIS TO SABBOTAGE THE PURCHASE OF LAND and a home and BUSINESS IN CUSTER County, Colorado, and TO FURTHER Sully THE NAME OF THE PLAINTIFF as PART OF HIS Collateral OPERATION WITH SPECIAL AGENT "DOE" IN WASHINGTON, D.C.., which damages WERE Sought IN CASE NO. 08-CV-09, IN CUSTER County, Colorado.

OSTRACIZING OF his home Community...

FURTHER, THE PLAINTIFF'S FINANCIAL INSTITUTIONS
will close his accounts very soon if they stay
inactive. Here, the "privilege" is founded upon
the necessity, in the interests and administration
of justice, of the aid of persons having knowledge
of the law and skilled in its practice, which
assistance can only be safely and readily availed
of when free from the consequences or the app-
rehension of disclosure" Id. (quoting Hunt v.
Blackburn, 128 U.S. 464, 470 (1888).

THE OPPORTUNITY TO Communicate with an attorney
privately is an important part of meaningful

access to the Courts. <u>Ching v. Lewis</u>, 895 F.2d

608, 609 (9th Cir. 1990). What is even most opp-

ressive is that the plaintiff has, up until now,

forgone "Attorney-Client" privilege in requesting

permission to correspond with D&J Litigation Sup-

port Services. There can be no question to that

end; it is plain to see that the B.O.P. defen-

dant's can show no legitimate penological pur-

pose in restricting communication(s) between

the plaintiff and Ms. Schultz and D&J Litigation.

The B.O.P. Defendant's cannot provide one

shred of credible evidence to substantiate the

classification and correspondence restrictions of

The plaintiff.

WHEREFORE, The plaintiff moves this honorable Court for the following orders:

1) MOTION FOR INTERIM INJUNCTIVE RELIEF AS follows; FOR ORDER GRANTING The plaintiff TO SERVE his INTERROGATORIES upon his wife GRAZYNA Schultz- AKERS at address: OBRODOWA-Z, PL#59-610, Jelenia Góra, WLEŃ, POLAND; and,

2) MOTION FOR SERVICE OF COVER letter EXPLAINING This PROCESS (IN ENGLISH) upon GRAZYNA Schultz; and,

3) FOR ORDER declaring GRAZYNA Schultz A MATERIAL WITNESS IN This MATTER FOR purposes OF Actual INJURY and LOSS; and,

4) FOR ORDER GRANTING The plaintiff TO Contact D;J litigation services, Inc., For legal Support; and,

5) FOR ORDER INJUNCTION AS TO B.O.P. DEFENDANT'S ENTERING, holding, INTERFERING WITH THE PLAINTIFF'S INCOMING and outgoing legal Mail; THIS ORDER IS TO include wrongful EX-PARTE and CLANDESTINE Contacts WITH Judicial authorities involved IN THE PLAINTIFF'S Filed OR about-to-be-Filed MATTERS.

DATED: JUNE 21, 2008

RESPECTFULLY Submitted,

Montgomery Carl Akers
PLAINTIFF, IN PRO SE
# 02866-081, U.S. PEN/MAX
P.O. Box 8500
FLORENCE, CO. 81226

-24-

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I served a copy of this completed appeal statement upon all parties to the appeal as follows:

☐ By personally serving it upon him/her; or

☒ By mailing it by first class mail with sufficient postage prepaid to the following address(es) (list names and address(es) of parties served by mail): CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF Columbia 333 CONSTITUTION AVENUE, N.W. WASHINGTON, D.C. 20001

( MOTION FOR INTERIM INJUNCTIVE RELIEF / ORDER TO SERVE INTERROGATORIES ( 25 PAGES )

DATED this 23rd day of JUNE , 2008 .

_____
Signature of ~~Appellant~~ PLAINTIFF

Montgomery C. Atkins
Print Name of ~~Appellant~~ PLAINTIFF

#02866-081, P.O. BOX 8500
Address

FLORENCE, CO. 81226
City/State/Zip

N/A
Telephone