**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| **MONTGOMERY C. AKERS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 08-0140 (EGS)** |
| **v.** | ) **(ECF)** |
| | ) |
| **HARRELL WATTS,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

---

**DEFENDANTS' MOTION TO RECONSIDER THE ORDER GRANTING PLAINTIFF'S
MOTION FOR EAVE TO PROCEED *IN FORMA PAUPERIS***

Pursuant to Fed. R. Civ. P. 54(b), Harrell Watts, the National Inmate Appeal

Administrator for the Federal Bureau of Prisons ("BOP") *et al.* ("Defendants") by and through

undersigned counsel, respectfully move this Court to reconsider the Order of the Court entered

February 27, 2008, granting Plaintiff's Motion to Proceed In Forma Pauperis ("IFP").

In support of this motion, Defendants respectfully refer the Court to the accompanying

Memorandum of Points and Authorities and attachments thereto, and to the entire

record in this case.  A proposed Order consistent with the relief sought herein is attached.

Because Plaintiff is a pro se prisoner, Local Rule 7(m), which requires "counsel" to

discuss non-dispositive motion with "opposing counsel" and non-prisoner pro se parties, does not

apply and the undersigned have made no efforts to contact him regarding this motion.

September 2, 2008                    Respectfully submitted,


_/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7157
(202) 514-8780 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I caused a copy of the foregoing Defendants' Motion to Reconsider

Plaintiff's *In Forma Pauperis* status to be served by first class mail upon *pro se* plaintiff at:

Montgomery C. Akers
R# 02866-081
Florence ADMAX. USP
POB 8500
Florence, CO 81226


on this 2nd day of September, 2008.      _/s/_____
                                          KENNETH ADEBONOJO
                                          Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY C. AKERS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) **Civil Action No. 08-0140 (EGS)** |
| **v.** | ) **(ECF)** |
| | ) |
| **HARRELL WATTS,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO RECONSIDER THE ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Pursuant to Fed. R. Civ. P. 54(b), Harrell Watts, the National Inmate Appeal Administrator for the Federal Bureau of Prisons ("BOP") *et al*. ("Defendants") by and through undersigned counsel, respectfully move this Court to reconsider the Order of the Court entered February 27, 2008, granting Plaintiff's Motion to Proceed In Forma Pauperis ("IFP").[1]

Montgomery Carl Akers, *pro se*, Reg. No. 02866-081 ("Plaintiff'), has been in BOP custody since January 21, 1997. He was sentenced to serve 105 months on February 18 1999. While incarcerated, Plaintiff abused the "special mail" procedures and executed a fraudulent scheme involving several financial institutions resulting in an additional 327 month sentence for

---

[1]     In his complaint filed on January 24, 2008, Plaintiff named Harrell Watts, Michael Nalley, Michelle Bond, Ron Wiley, Christopher Synsvoll, and Dianna Krist. Docket Entry 1. On June 19, 2008, Plaintiff Filed a Motion to Amend his complaint to add an additional 40+ defendants, which the Court granted. Docket Entries 16, 17. On August 4, 2008, Plaintiff filed a pleading purporting to withdraw his amended complaint. Docket Entry 21. Although representation authority has been approved for the defendants named in Plaintiff's initial complaint, the process of approving representation for the defendants named in Plaintiff's amended complaint is still on-going. By filing this motion, Defendants do not waive their rights to any defenses under Fed. R. Civ. P. 12, including immunity from suit or failure of service.

wire fraud.[2] *United States v. Akers*, 261 F. Appx 110 (10th Cir. June 2008); *United States v. Akers*, No. 04-20089-01 (D. Kan. July 19, 2007).  Plaintiff commenced this action alleging violations of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the United States Constitution while incarcerated at the U.S. Penitentiary in Florence, Colorado. Docket Entry 1. He seeks millions of dollars in monetary damages as well as injunctive and special relief.  On February 27, 2008, this Court granted Plaintiff's motion to proceed *IFP*.  Docket Entry 6. Defendants respectfully move this Court to reconsider and revoke Plaintiff's IFP status because he has incurred three strikes or accumulated sufficient justification for the Court to exercise its discretion to deny Plaintiff *IFP* status.

## ARGUMENT

### I.    Because Plaintiff Already Has "Three Strikes" Against Him, His IFP Status Should be Revoked

The Prison Litigation Reform Act ("PLRA") provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or 3 proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

---

[2]    "Special mail" means correspondence sent to high level government officials or government agencies, attorneys, or the courts, among others.  The Warden shall open incoming special mail only in the presence of the inmate for inspection of physical contraband and special enclosures.  The correspondence may not be read or copied if the sender adequately designates the mail as "special mail."  In most instances, outgoing special mail may be sealed by the inmate and is not subject to inspection.  28 C.F.R. § 540.2, 540.18.

"In enacting the PLRA in 1996, Congress endeavored to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997). Pursuant to this provision, if "a prisoner has filed, while incarcerated, three or more cases that have been dismissed for being frivolous or malicious or for failing to state a claim upon which relief could be granted, he may not proceed IFP,... and must therefore pay the entire fee on filing," though "[a]n indigent prisoner otherwise subject to subsection (g) may nevertheless proceed IFP when he is "under imminent danger of serious physical injury." *Chandler v. D.C. Dep't of Corr.*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). This section is commonly referred to as the "three strikes" rule or provision. *See, e.g.*, *Thompson v. DEA*, 492, F.3d 428, 431 (D.C. Cir. 2007).

For purposes of the three strikes rule, the PLRA defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted) of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff is unquestionably a prisoner for purposes of the three strikes provision of the PLRA. First, he is currently "incarcerated" in a prison facility. Second, in 2006, Plaintiff pled guilty to one count of wire fraud-one of his numerous offenses-and was sentenced to 327 months in prison, five years supervised released, and payment of restitution. *Akers*, *supra*. Plaintiff therefore satisfies the threshold requirements set forth in 28 U.S.C. § 1915(h).

Plaintiff has run afoul of the PLRA's three strikes rule. While incarcerated, Plaintiff has brought at least three civil actions or appeals that were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief could be granted. In

3

*Akers v. Martin*, *et. al.*, the district court ruled that Plaintiff's "complaint should be dismissed as stating no claim for relief against any defendant, as seeking relief from defendants who are immune from such relief, and as frivolous and malicious."  No. 06-3175, 2006 U.S. Dist. Lexis 47424, at *5 (D. Kan. July 12, 2006).  On appeal, the Tenth Circuit reviewed the dismissal of Plaintiff's case *de novo*.  *Akers v. Martin, et. al.*, 227 F. App'x 721, 723 (10th Cir. 2007).  It affirmed the district court's ruling after Plaintiff reasserted the allegations already "set forth in his complaint."  *Id*.  The Tenth Circuit found that Plaintiff's suit was "premature," declaring that he had "failed to state a claim upon which relief may be granted."  *Id*.  Because the court expressly stated that Plaintiffs appeal failed to state a claim, it qualifies as a strike under *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 440 (D.C. Cir. 2007).  The Tenth Circuit, in *Akers v. Sandoval, et. al.*, also affirmed the dismissal of another of Plaintiff's numerous civil actions. The court found that Plaintiff "failed to allege sufficient facts" in his claims under the Racketeer Influenced and Corrupt Organizations Act, *Bivens*[3] and § 1983, as well as in his dispute over government official immunity.  No. 95-1306,1996 U.S. App. Lexis 28865, at '*9 (10th Cir. Nov. 4 1996).

Collectively, these decisions establish that Plaintiff has incurred at least three strikes for purposes of the PLRA. Absent a showing of "imminent danger of serious physical injury," therefore, Plaintiff should be barred from bringing this action *IFP*.  Plaintiff has not submitted any evidence to support the notion that he is under such danger and thus deserving of *IFP* privileges.  28 U.S.C. § 1915(g).  Because Plaintiff is precisely the sort of litigious prisoner who the three strikes rule was intended to address, his action should be dismissed unless he has made

---

[3]        *Bivens v. Six Unknown Agents of the Fed. Bur of Narc.*, 403 U.S. 388 (1971).

full payment of his filing fees up front.

## II.     Alternatively this Court Should Exercise Its Discretionary Authority to Reconsider and Revoke Plaintiff's IFP Privileges

Even if this Court finds that Plaintiff has not amassed three strikes, it should nevertheless use its discretionary authority to withdraw his IFP privileges.  In exercising this discretion, courts examine "the number, content, frequency, and disposition of [the prisoner's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history." *Thompson*, 492 F.3d at 439 (citing *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007) (alternation in original)). The Supreme Court has underscored its "duty to deny in forma pauperis status to those individuals who have abused the system." *Butler*, 492 F.3d at 445 (quoting *In re Sindram*, 498 U.S. 177, 180 (1991)).

Plaintiff is a prolific filer. The attached PACER printout lists twenty one civil cases, four of which are still active, and twenty appellate cases, two of which are active. Plaintiff sought to proceed IFP in most of them. *Ex.* A. Throughout this string of cases, Plaintiff has endeavored to revisit or forestall his criminal convictions as well as attack attorneys, government officials, and judges who have allegedly deprived him of his rights. *See, e.g., Akers v. Vratil, et al.*, No. 05-3080 (D. Kan. March 24, 2005) (dismissing Plaintiffs *Bivens* suit against the district judge presiding in his pending criminal trial action and the prosecutor trying the case under 28 U.S.C. § 1915A(a)-(b)); *Akers v. Rokusek*, No. 08-0725 (S.D. Cal. April 25, 2008) (dismissing Plaintiffs Bivens suit against the FBI and the Assistant United States Attorney who prosecuted him under 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)).  Courts have routinely rejected Plaintiff's far-fetched claims, dismissing his complaints.

5

The District Court for the District of Colorado recognized that filing suits is a "pastime" for Plaintiff. *Akers v. Sandoval*, et al., No. 94-B-2445 (D. Colo. June 20, 1995). In 2004, it enjoined Plaintiff from filing any further *pro se* actions without first obtaining leave of the court. *Id*. at *3; *cf. Anderson v. D.C. Public Defender Serv*., 881 F. Supp. 663, 66971 (D.D.C. 1995) (barring plaintiff, whose complaints were so "profuse and meritless," from filing additional suits without first receiving leave from the court). Following imposition of the bar, the District Court for the District of Colorado dismissed subsequent suits Plaintiff filed without representation. *See, e.g., Akers v. Wiley*, No. 07-02206, 2007 U.S. Dist. Lexis 95388 (D. Colo. Dec. 19, 2007) (denying Plaintiff's habeas corpus application and dismissing the pro se action and motion to proceed IFP for failure to comply with the court-ordered sanction). The Tenth Circuit upheld the sanction after Plaintiff challenged it on appeal. *Akers v. Sandoval, et. al*., 1996 U.S. App. Lexis 28865. It noted that the "district court has power to enjoin litigants who abuse the court system by harassing their opponents," and its decision was supported by proof of Plaintiff's "abusive history." *Id.* at *7-8 (citations omitted).[4]

Within the prison system, Plaintiff has also been a prolific filer. Since 2000, the Administrative Remedy database locates close to 150 complaints lodged with prison authorities. These complaints range from the temperature in his cell being too hot to delays in receipt of mail to problems with library staff. *Ex.* A, Administrative Appeals. Plaintiff's stream of grievances further illustrates his penchant for abusing remedial procedures, which this Court should prevent.

---

[4]     Perhaps Plaintiff realizes that his frivolous law suits have adverse consequences. Recently, he asked the District of Nevada to close *Akers v. Nevada Supreme Court, et al.*, Docket No. 08-0348, in which he accused the state judges of denying him access to judicial process in violation of the Fifth Amendment and Nevada Constitution.

Upon the foregoing, Defendant respectfully requests that this Court revoke Plaintiff's *IFP* status without prepayment of costs. Doing so would mitigate perverse incentives for forum shopping and gamesmanship, where a prisoner-litigant facing three strikes or sanctions in one jurisdiction might hope for a different result here.  It would also further the underlying purpose of the three strikes provision-the reduction of frivolous, abusive prisoner suits by making all prisoners seeking to bring complaints or appeals feel the deterrent effect created by liability for filing fees. Just as the *Butler* Court concluded, Plaintiff can continue his "pastime" of litigiousness, "but if he chooses to do so here, it will have to been on his own dime."" 492 F.3d at 447.

September 2, 2008                         Respectfully submitted,


                                         __/s/_____
                                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                                         United States Attorney


                                          __/s/_____
                                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                                         Assistant United States Attorney


                                         __/s/_____
                                         KENNETH ADEBONOJO
                                         Assistant United States Attorney
                                         Judiciary Center Building
                                         555 4th Street, N.W. – Civil Division
                                         Washington, D.C.  20530
                                         (202) 514-7157
                                         (202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY C. AKERS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| | ) |
| | ) **Civil Action No. 08-0140 (EGS)** |
| **v.** | ) **(ECF)** |
| | ) |
| **HARRELL WATTS,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### <u>ORDER</u>

This matter comes before the Court on the Defendants' Motion to Reconsider Granting

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*. After considering the appropriate

pleadings, the record herein, and applicable law, it is this ____ day of _____, 2008,

hereby

**ORDERED**, the Defendant's motion is hereby GRANTED; and it is

**FURTHER ORDERED**, that Plaintiff's *in forma pauperis* status is hereby revoked and

Plaintiff is required to pay the full filing for this action.


_____

HON. EMMET G. SULLIVAN, U.S.D.J.

# U.S. Party/Case Index

## All Types Name Search Results

**56 Total Party matches for selection AKERS, MONTGOMERY for ALL COURTS**
Search Complete
Tue Sep 2 17:37:36 2008
**Selections 1 through 54 (Page 1)**

● Download (2 pages $ 0.08)

 Next 2

Civil Cases

| Name | Court | Case No. | Filed | NOS | Closed |
|---|---|---|---|---|---|
| 1 AKERS, MONTGOMERY C<br>USA v. 5348 US Currency, et al | ksdce | 6:1998cv01015 | 01/15/1998 | 690 | 04/19/2000 |
| 2 AKERS, MONTGOMERY C.<br>Akers v. Martin et al | kyedce | 5:2006cv00094 | 04/05/2006 | 440 | 07/14/2006 |
| 3 AKERS, MONTGOMERY C.<br>Akers v. Pugh, et al | codce | 1:2004cv00304 | 02/19/2004 | 550 | 03/31/2004 |
| 4 AKERS, MONTGOMERY C.<br>Akers v. USA | codce | 1:2001cv01508 | 08/01/2001 | 510 | 01/11/2006 |
| 5 AKERS, MONTGOMERY CARL<br>Akers v. Wiley et al | nvdce | 2:2008cv00121 | 01/25/2008 | 550 | 02/20/2008 |
| 6 AKERS, MONTGOMERY CARL<br>AKERS v. WATTS et al | dcdce | 1:2008cv00140 | 01/24/2008 | 550 | |
| 7 AKERS, MONTGOMERY CARL<br>Riches v. Akers | mddce | 8:2008cv00326 | 02/04/2008 | 540 | 02/11/2008 |
| 8 AKERS, MONTGOMERY CARL<br>Akers et al v. Keszei et al | nhdce | 1:2008fp00334 | 08/19/2008 | 550 | |
| 9 AKERS, MONTGOMERY CARL<br>Akers v. Nevada Supreme Court et al | nvdce | 3:2008cv00348 | 06/24/2008 | 550 | 07/21/2008 |
| 10 AKERS, MONTGOMERY CARL<br>Akers v. Wiley et al | codce | 1:2008cv00434 | 02/29/2008 | 550 | 04/25/2008 |
| 11 AKERS, MONTGOMERY CARL<br>Akers v. USA | utdce | 2:1995cv00452 | 05/15/1995 | 510 | 12/19/1997 |
| 12 AKERS, MONTGOMERY CARL<br>Akers v. Keszei et al | mowdce | 4:2007cv00521 | 07/23/2007 | 550 | 10/19/2007 |
| 13 AKERS, MONTGOMERY CARL<br>Akers v. Longmont Police Bur, et al | codce | 1:1991cv00548 | 04/05/1991 | 550 | 06/08/1992 |
| 14 AKERS, MONTGOMERY CARL | nvdce | 2:2007cv00572 | 05/21/2008 | 550 | |

Akers et al v. Keszei et al

15 AKERS, MONTGOMERY CARL codce    1:2008cv00637 03/28/2008    555    03/28/2008
Akers v. Wiley et al

16 AKERS, MONTGOMERY CARL codce    1:2008cv00723 04/09/2008    555    04/09/2008
Akers v. Wiley et al

17 AKERS, MONTGOMERY CARL casdce    3:2008cv00725 04/25/2008    550    04/25/2008
Akers v. Rokusek et al

18 AKERS, MONTGOMERY CARL codce    1:2007cv00855 04/26/2007    530    07/20/2007
Akers v. Wiley

19 AKERS, MONTGOMERY CARL codce    1:2007cv02206 10/19/2007    530    12/19/2007
Akers v. Wiley

20 AKERS, MONTGOMERY CARL codce    1:2007cv02292 10/30/2007    555    12/19/2007
Akers v. Wiley et al

21 AKERS, MONTGOMERY CARL codce    1:1994cv02445 10/27/1994    470    06/21/1995
Akers v. Sandoval, et al

22 AKERS, MONTGOMERY CARL candce    4:2008cv02691 05/28/2008    555
Akers v. Uratil et al

23 AKERS, MONTGOMERY CARL ksdce    5:2005cv03080 02/11/2005    555    03/24/2005
Akers v. Vratil et al

24 AKERS, MONTGOMERY CARL ksdce    5:2008cv03106 04/28/2008    555
Akers v. Shute et al

25 AKERS, MONTGOMERY CARL ksdce    5:2006cv03175 06/27/2006    555    07/12/2006
Akers v. Martin et al

26 AKERS, MONTGOMERY CARL ksdce    5:2000cv03316 08/28/2000    530    11/08/2000
Akers v. Ray

27 AKERS, MONTGOMERY CARL cacdce    2:1992cv05286 09/01/1992    530    02/22/1993
Akers v. Henry

Criminal Cases

| Name | Court | Case No. | Filed | Closed |
|------|-------|----------|-------|--------|
| 28 AKERS, MONTGOMERY<br>USA v. Akers | ksdce | 2:1997mj08003 | 01/17/1997 | |
| 29 AKERS, MONTGOMERY C.<br>USA v. Akers, et al | codce | 1:1996cr00013 | 01/23/1996 | 02/18/1999 |
| 30 AKERS, MONTGOMERY C.<br>USA v. Akers | codce | 1:1995mj01985 | 12/18/1995 | |
| 31 AKERS, MONTGOMERY CARL<br>USA, et al v. Akers | utdce | 2:1990cr00078 | 03/19/1990 | |
| 32 AKERS, MONTGOMERY CARL<br>USA, et al v. Gonzales | utdce | 2:1989cr00230 | 12/21/1989 | |
| 33 AKERS, MONTGOMERY CARL<br>USA v. Akers | codce | 1:1994mj01748 | 12/20/1994 | |

Case 1:08-cv-00140-EGS    Document 22-2    Filed 09/02/2008    Page 3 of 5

34 AKERS, MONTGOMERY CARL ksdce    2:2004cr20089    06/23/2004    12/07/2006
AKERS, MONTGOMERY CARL
Appellate Cases

35 AKERS, MONTGOMERY CARL 10cae    98-1068    02/26/1998    1    06/10/1998
USA v. AKERS

36 AKERS, MONTGOMERY CARL 10cae    99-1089    03/05/1999    1    06/12/2000
UNITED STATES v. AKERS

37 AKERS, MONTGOMERY CARL 10cae    08-1143    04/23/2008    2555    08/29/2008
AKERS v. WILEY, et al

38 AKERS, MONTGOMERY CARL 10cae    92-1190    06/25/1992    3550    08/10/1992
AKERS v. LONGMONT POLICE, et al

39 AKERS, MONTGOMERY CARL 10cae    04-1258    07/01/2004    1    10/19/2004
UNITED STATES v. AKERS

40 AKERS, MONTGOMERY CARL 10cae    95-1306    07/25/1995    2470    11/04/1996
AKERS v. SANDOVAL, et al

41 AKERS, MONTGOMERY CARL 10cae    07-1306    08/01/2007    2530    11/20/2007
AKERS v. WILEY

42 AKERS, MONTGOMERY CARL 10cae    98-1318    08/24/1998    1    11/06/1998
USA v. AKERS

43 AKERS, MONTGOMERY CARL 10cae    96-1398    08/29/1996    1    01/22/1997
USA v. AKERS

44 AKERS, MONTGOMERY CARL 10cae    01-1523    11/13/2001    2510    02/07/2002
UNITED STATES v. AKERS

45 AKERS, MONTGOMERY CARL 10cae    03-1542    12/30/2003    2510    01/07/2004
UNITED STATES v. AKERS

46 AKERS, MONTGOMERY CARL 10cae    08-3073    03/18/2008    1    06/17/2008
UNITED STATES v. AKERS

47 AKERS, MONTGOMERY CARL 10cae    99-3189    06/22/1999    2540    12/21/1999
UNITED STATES v. $5,348 US CURRENCY, et al

48 AKERS, MONTGOMERY CARL 10cae    07-3215    08/01/2007    1
UNITED STATES v. AKERS

49 AKERS, MONTGOMERY CARL 10cae    06-3241    06/29/2006    1    01/16/2008
UNITED STATES v. AKERS

50 AKERS, MONTGOMERY CARL 10cae    06-3273    08/01/2006    2550    03/23/2007
AKERS v. MARTIN, et al

51 AKERS, MONTGOMERY CARL 10cae    05-3441    11/22/2005    1    02/03/2006
UNITED STATES v. AKERS

52 AKERS, MONTGOMERY CARL 08cae    07-3569    11/08/2007    3550    02/21/2008
MONTGOMERY AKERS v. JAMES KESZEI, et al

53 AKERS, MONTGOMERY CARL 09cae    08-15674    03/27/2008    3550    05/15/2008
MONTGOMERY AKERS v. R. WILEY, et al

54 AKERS, MONTGOMERY CARL 09cae    08-16395    06/12/2008    3550    08/13/2008
MONTGOMERY AKERS, et al v. JAMES KESZEI, et al

⇨ Next 2

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/02/2008 17:37:36 | | | |
| **PACER Login:** | du6818 | **Client Code:** | doj |
| **Description:** | All Types srch pg 1 | **Search Criteria:** | AKERS, MONTGOMERY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

## U.S. Party/Case Index – Home
**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

?**?**? Help
? ?

# U.S. Party/Case Index

## All Types Name Search Results

**56 Total Party matches for selection AKERS, MONTGOMERY for ALL COURTS**
**Search Complete**
**Tue Sep 2 17:37:36 2008**
**Selections 55 through 56 (Page 2)**

●Download (2 pages $ 0.00)


Previous 54

### Appellate Cases

55 AKERS, MONTGOMERY CARL 09cae 07-17185 11/30/2007 2550 04/17/2008
AKERS, et al v. KESZEI, et al

56 AKERS, MONTGOMERY CARL 09cae 08-56413 08/27/2008 3550
MONTGOMERY AKERS v. NICHOLAS VOULGARIS, et al


Previous 54

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/02/2008 17:38:02 | | |
| **PACER Login:** | du6818 | **Client Code:** | doj |
| **Description:** | All Types srch pg 2 | **Search Criteria:** | AKERS, MONTGOMERY |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

### U.S. Party/Case Index - Home

**Search:** All Court Types | Appellate | Bankruptcy | Civil | Criminal
**Reports:** Court Code List | Date Range | Courts not on Index | Statistical Reports
**User Options:** Change Client Code | New Login | Billing History | PSC Home Page |
E-Mail PSC | Logout

??? Help

```
 BOPOR          *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        07 29-2008
PAGE 001 OF                                                           16:22:16
        FUNCTION: L-P SCOPE: REG   EQ 02866-381     OUTPUT FORMAT: SAN_____
----- -LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
DT STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
DT TED: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
STS/RRAS: _____ _____ _____ _____ _____ ___  _____ _____ _____ _____
SUBJECTS: _____ _____   _____ _____ __   _____ _____ _____
EXTENDED: _ REMEDY LEVEL:              RECEIPT:   _ "OR" EXTENSION: _ _ _
RCV  OFC : EQ _  _         ____             ____      ____       ____
TRACK:  DEPT: _____ _____ _____ _ _____ _____ _____
        PERSON: ___       ___       ___       ___        ___       ___
        TYPE:  ___       ___       ___       ___        ___       ___
EVNT FACL: EQ _____       __        ____      ____       ____      ___
RCV FACL.: EQ  ___        ___       ____      ____       _         ____
RCV UN/LC: EQ _____       _____    _____    _____     _____    _____
RCV QTR..: RQ _____  _____  _  _____ _____ _____ _____
ORIG FACL: EQ _____       ____       _____     _____      _____     _____
ORG UN/LC: EQ _____       _____ __        _____      _____    _____  _
ORIG QTR.: EQ ____        _____ __        _____      _____     _____
```

G0002      MORE PAGES TO FOLLOW . . .

```
BOPOR                *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-29-2008
PAGE 003 OF          *              SANITIZED FORMAT              *      16:22:16
```

| REMEDY-ID | SUBJ1/SUBJ2 RCV-OFC | ABSTRACT RCV-FACL DATE-RCV | STATUS | STATUS-DATE |
|---|---|---|---|---|
| 227665-F1 | 16ZM/ LVN | WOULD LIKE HIS CORRESPONDENCE REINSTATED LVN   11-24-2000 | CLD | 12-07-2000 |
| 228544-F1 | 16ZM/ LVN | REQUESTING SEVERAL STAFF PAY HIM $25,000 LVN   12-13-2000 | REJ | 12-13-2000 |
| 227665-R1 | 16ZM/ NCR | WOULD LIKE HIS CORRESPONDENCE REINSTATED LVN   12-15-2000 | CLD | 01-16-2001 |
| 228764-F1 | 33BM/ LVN | UNIT TEAM WILL NOT GIVE HIM A CALL TO HIS ATTORNEY LVN   12-18-2000 | CLD | 01-05-2001 |
| 232600-R1 | 34AM/22AM NCR | COMPLTS RE: STAFF/PROLONGED PLACEMENT IN SHU LVN   02-06-2001 | REJ | 02-06-2001 |
| 236926-F1 | 33FM/ LVN | CLAIMS LEGAL MAIL IS BEING TAMPERED WITH. LVN   04-09-2001 | REJ | 04-09-2001 |
| 236926-A1 | 33FM/ BOP | CLAIMS LEGAL MAIL IS BEING TAMPERED WITH. LVN   04-27-2001 | CLD | 05-09-2001 |
| 239355-F1 | 27BM/ LVN | CLAIMS POOR DENTAL TREATMENT LVN   05-17-2001 | CLD | 05-29-2001 |
| 240804-F1 | 33FM/ LVN | CLAIMS HIS SOCIAL/LEGAL MAIL IS BEING HELD LVN   05-29-2001 | CLD | 06-04-2001 |
| 239955-R1 | 27BM/ NCR | CLAIMS POOR DENTAL TREATMENT LVN   06-14-2001 | CLD | 07-05-2001 |
| 240804-R1 | 33FM/ NCR | CLAIMS HIS SOCIAL/LEGAL MAIL IS BEING HELD LVN   06-19-2001 | CLG | 06-22-2001 |
| 240804-A1 | 33FM/ BOP | CLAIMS HIS SOCIAL/LEGAL MAIL IS BEING HELD LVN   07-09-2001 | CLD | 08-29-2001 |
| 239955-A1 | 27BM/ BOP | CLAIMS POOR DENTAL TREATMENT LVN   08-13-2001 | CLD | 09-27-2001 |
| 253102-F1 | 16ZS/ FLM | TRANSFER TO LESSER SECURITY FACILITY FLM   11-06-2001 | REJ | 11-06-2001 |
| 253266-F1 | 16ZS/ FLM | CLAIMS NOT RECEIVING MAIL FLM   11-07-2001 | CLD | 11-16-2001 |
| 253266-R1 | 16ZS/ NCR | CLAIMS NOT RECEIVING MAIL FLM   12-10-2001 | CLD | 01-02-2002 |

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
BOFOR            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-29-2008
PAGE 005 OF      *              SANITIZED FORMAT              *      16:22:16

REMEDY-ID     SUBJ1/SUBJ2  --- --------- ------ABSTRACT------ ---------- --------
              RCV-OFC      RCV-FACL     DATE RCV      STATUS      STATUS-DATE

261835-F1     16ZM/       WANTS TRACKING SYSTEM FOR ALL LEGAL & SOCIAL MAIL
              FLM          FLM      04-10-2002        CLO        04-18-2002

265634-F1     17AM/34BM    CMPLNS OF PHONE PROCEDURES/SIS STAFF HARASSING HIM
              FLM          FLM      04-22-2002        CLO        04-22-2002

265636-F1     21AM/       APPEALS UDC DECISION/NOT FAIR & EQUITABLE DECISION
              FLM          FLM      04-18-2002        CLD        04-24-2002

266161-F1     16BM/       WANTS SPECIFIC INFORMATION ON CORRESPOND RESTRICTION
              FLM          FLM      04-24-2002        REJ        04-24-2002

266506-F1     17AM/34BM    CMPLNS OF PHONE PROCEDURES/SIS STAFF HARASSING HIM
              FLM          FLM      04-29-2002        CLG        05-08-2002

264835-R1     16ZM/       WANTS TRACKING SYSTEM FOR ALL LEGAL & SOCIAL MAIL
              NCR          FLM      05-03-2002        CLG        05-31-2002

266161-R1     16BM/       WANTS SPECIFIC INFORMATION ON CORRESPOND RESTRICTION
              NCR          FLM      05-03-2002        REJ        05-03-2002

263471-R1     16ZM/       WANTS REASONS FOR BEING ON CORRESP RESTRICTIONS
              NCR          FLM      05-03-2002        REJ        05-03-2002

265636-R1     21AM/       APPEALS UDC DECISION/NOT FAIR & EQUITABLE DECISION
              NCR          FLM      05-14-2002        CLD        06-11-2002

266506-R1     17AM/34BM    CMPLNS OF PHONE PROCEDURES/SIS STAFF HARASSING HIM
              NCR          FLM      05-20-2002        CLD        06-18-2002

270826-F1     16BM/       CMPLNS INCOMING MAIL REJECTED W/OUT NOTICE
              FLM          FLM      06-20-2002        REJ        06-20-2002

263471-A1     16ZM/       WANTS REASONS FOR BEING ON CORRESP RESTRICTIONS
              BOP          FLM      06-20-2002        REJ        06-20-2002

264835-A1     10ZM/       CLMS TRF WAS IN RETALIATION
              BOP          FLM      06-24-2002        CLD        08-08-2002

271500-F1     33BM/       WANTS TO MAKE JUNE 2002 PHONE CALL TO ATTORNEY
              FLM          FLM      06-28-2002        CLD        07-08-2002

270826-F2     16BM/       CMPLNS INCOMING MAIL REJECTED W/OUT NOTICE
              FLM          FLM      06-28-2002        CLO        07-05-2002

265636-A1     21AM/       APPEALS UDC. CODE 408 & 406, 04-24-2002
              BOP          FLM      06-28-2002        REJ        06-28-2002

G0002        MORE PAGES TO FOLLOW . . .
```

```
BOPOR                *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *      07-29-2008
PAGE 007 OF          *              SANITIZED FORMAT                 *    16:22:16

REMEDY-ID    SUBJ1/SUBJ2  ----------  --------ABSTRACT------------  ----------
             RCV OFC      RCV-FACL     DATE-RCV      STATUS    STATUS-DATE

281760-F1    16EM/        CLMS CORR RESTRICT INHIBITS HIS ABILITY AT REHAB
             FLM          FLM       10-29-2002      CLO       11-05-2002

280808-R1    33FM/        CLMS LEGAL MAIL IS BEING OPENED HAS GENERAL MAIL
             NCR          FLM       11-12-2002      CLO       12-05-2002

281760-R1    16EM/        CLMS CORR RESTRICT INHIBITS HIS ABILITY AT REHAB
             NCR          FLM       11-15-2002      CLO       12-05-2002

281759-R1    16EM/        CLMS RQUSTS TO ADD PEOPLE TO CORR LIST NOT ANSWERED
             NCR          FLM       11-25-2002      CLD       12-18-2002

284188-F1    16EM/        CLAIMS REQUESTS TO ADD CORRESPONDENTS ARE UNANSWERED
             FLM          FLM       11-29-2002      CLO       02-06-2003

285099-F1    10CM/        INMATE REQUESTED TRANSFER TO A RELEASE DESTINATION
             FLM          FLM       12-09-2002      CLO       12-16-2002

285506-F1    18ZM/        CLMS RELIG VISITOR NOT ALLOWED TO VISIT ON 12/8/02
             FLM          FLM       12-12-2002      REC       12-12-2002

285506-F2    18ZM/        CLMS RELIG VISITOR NOT ALLOWED TO VISIT ON 12/8/02
             FLM          FLM       12-18-2002      CLD       12-24-2002

281760-A1    16EM/        CLMS CORR RESTRICT INHIBITS HIS ABILITY AT REHAB
             BOP          FLM       12-23-2002      REJ       12-23-2002

280808-A1    33FM/        CLMS LEGAL MAIL IS BEING OPENED AS GENERAL MAIL
             BOP          FLM       12-23-2002      CLD       01-31-2003

284188-R1    16EM/        CLAIMS REQUESTS TO ADD CORRESPONDENTS ARE UNANSWERED
             NCR          FLM       12-23-2002      CLO       01-17-2003

285099-R1    10CM/        INMATE REQUESTED TRANSFER TO A RELEASE DESTINATION
             NCR          FLM       12-30-2002      CLO       01-09-2003

286697-F1    33HM/34AM    WANTS COUNSELOR TO RETURN EXHIBITS
             FLM          FLM       12-30-2002      CLO       01-15-2003

281759-A1    16EM/        CLMS RQUSTS TO ADD PEOPLE TO CORR LIST NOT ANSWERED
             BOP          FLM       01-09-2003      CLD       02-13-2003

281760-A2    16EM/        CLMS CORR RESTRICT INHIBITS HIS ABILITY AT REHAB
             BOP          FLM       01-09-2003      REJ       01-09-2003

287835-F1    34ZM/        CLMS SIS TECH HINDERING USE OF PHONE W/RESTRICTIONS
             FLM          FLM       01-14-2003      CLO       01-29-2003

G0002        MORE PAGES TO FOLLOW . . .
```

```
BOPOR            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        07-29 2008
PAGE 009 OF      *                SANITIZED FORMAT              *       16:22:16

REMEDY-ID     SUBJ1/SUBJ2  --------- --------ABSTRACT-- ---------- ----------
              RCV-OFC      RCV-FACL      DATE-RCV      STATUS      STATUS-DATE

307717-A1     13AM/        DISAGREES WITH SCORE RE: COMMUNICATION W/FAMILY
              BOP          FLM          10-20-2003     CLO         12-16-2003

318639-F1     16BM/        COMPLAINS OF CORRESPONDENCE RESTRICTIONS
              FLM          FLM          12-04-2003     REJ         12 05 2003

318639-F2     16BM/        COMPLAINS OF CORRESPONDENCE RESTRICTIONS
              FLM          FLM          12-19-2003     REJ         12-19-2003

320301-F1     34ZM/        COMPLAINS OF SIS TECH'S MAIL MONITORING METHODS
              FLM          FLM          12 19-2003     CLO         12-30-2003

320001 R1     34ZM/        COMPLAINS OF SIS TECH'S MAIL MONITORING METHODS
              NCR          FLM          01 09-2004     CLO         01 28-2004

320001-A1     34ZM/        COMPLAINS OF SIS TECH'S MAIL MONITORING METHODS
              BOP          FLM          02-12-2004     CLO         04-02-2004

328272-F1     17AM/        WANTS TO BE REMOVED FROM LIVE PHONE MONITORING
              FLM          FLM          03-19-2004     CLO         03-23-2004

328272-R1     17AM/        WANTS TO BE REMOVED FROM LIVE PHONE MONITORING
              NCR          FLM          03-29 2004     CLO         04-26-2004

446692-F1     33EM/22ZM    LEGAL CALLS & SHU PLACEMENT
              OKL          OKL          02-09-2007     CLO         04-10 2007

446700 F1     33ZM/22ZM    LEGAL CALLS & SHU PLACEMENT
              OKL          OKL          02-08-2007     CLO         04-10-2007

445159-F1     16ZM/        CMPLNS OF MAIL SENT FROM OKL
              FLM          FLM          03 09-2007     REJ         03-09-2007

445159-R1     16ZM/        CMPLNS OF MAIL SENT FROM OKL
              NCR          FLM          03 23-2007     REJ         03-23-2007

447315-F1     16BM/        WANTS CORRSP RESTRICTIONS REMOVED/MONETARY COMP
              FLM          FLM          03-28-2007     CLO         04-05-2007

447315-R1     16EM/        WANTS CORRSP RESTRICTIONS REMOVED/MONETARY COMP
              NCR          FLM          04-16 2007     CLO         05-22 2007

450765-F1     33FM/        CLMS LEGAL MAIL NOT PROCESSED/WANTS MONETARY RELIEF
              FLM          FLM          04-25-2007     CLO         05-16-2007

446692-R1     33EM/22ZM    LEGAL CALLS & SHU PLACEMENT
              NCR          FLM          04-30-2007     CLO         06-04-2007

G0002         MORE PAGES TO FOLLOW . . .
```

```
BOPOR              *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        07 29 2008
PAGE 011 OF 011 *                 SANITIZED FORMAT               *        16:22:16

REMEDY ID      SUBJ1/SUBJ2  ----------- -------ABSTRACT------- ----------- ----
               RCV-OFC      RCV-FACL    DATE-RCV        STATUS     STATUS-DATE

481996-R1      33FM/        CLAIMS LEGAL MAIL BEING DELAYED
               NCR          FLM       03 21-2008          CLO        03-31-2008

492505-P1      33FM/        STATES STAFF OPENING LEGAL MAIL & REMOVING ITEMS
               FLM          FLM       04-25-2008          CLO        05-09 2008

481996-A1      33FM/        CLAIMS LEGAL MAIL BEING DELAYED
               BOP          FLM       04-30-2008          REJ        05-03 2008

495237 F1      33FM/        CLAIMS STAFF REMOVE DOC FROM LEGAL MAIL
               FLM          FLM       05-09-2008          REJ        05-29-2008

492505-R1      33FM/        STATES STAFF OPENING LEGAL MAIL & REMOVING ITEMS
               NCR          FLM       06-23-2008          CLO        06-23-2008

495237-R1      33FM/        CLAIMS STAFF REMOVE DOC FROM LEGAL MAIL
               NCR          FLM       06-09-2008          REJ        06 09-2008

499040 F1      16ZM/        COMPLT OF MAIL NOT BEING RECEIVED TO RECIPIENT
               FLM          FLM       06 10-2008          CLO        07-14 2008

500860-P1      16ZM/        WANTS RECEIPT FOR MAIL OUTGOING
               FLM          FLM       06-26-2008          CLD        07 24-2008

495237-A1      33FM/        CLAIMS STAFF REMOVE DOC FROM LEGAL MAIL
               BOP          FLM       07-07 2008          REJ        07-12-2008

501957-F1      21AM/        DDC APPEAL / CODE 307 / HEARING DATE 7/9/08
               FLM          FLM       07-16-2008          ACC        07-24-2008

492505-A1      33FM/        STATES STAFF OPENING LEGAL MAIL & REMOVING ITEMS
               BOP          FLM       07-22-2008          REJ        07 29-2008

499040-R1      16ZM/        COMPLT OF MAIL NOT BEING RECEIVED TO RECIPIENT
               NCR          FLM       07-24-2008          ACC        07-24-2008




               156 REMEDY SUBMISSION(S) SELECTED
C0000          TRANSACTION SUCCESSFULLY COMPLETED
```