UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONTGOMERY C. AKERS, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 08-0140 (EGS) <br> ) (ECF) |
| HARRELL WATTS, et al. | ) |
| Defendants. | ) |

**MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS'
MOTION TO RECONSIDER PLAINTIFF'S *IN FORMA PAUPERIS* STATUS**

Harrell Watts, the National Inmate Appeal Administrator for the Federal Bureau of Prisons ("BOP") *et al*. ("Defendants") by and through undersigned counsel, respectfully move this Court to stay this matter pending resolution of Defendants' Motion to Reconsider Plaintiff's In Forma Pauperis ("IFP").[1] Plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Accordingly, Plaintiff is not entitled to IFP status under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915, and unless his IFP status is reaffirmed or he pays the required filing fee this matter should not proceed with dispositive briefing.

---

[1] In his complaint filed on January 24, 2008, Plaintiff named Harrell Watts, Michael Nalley, Michelle Bond, Ron Wiley, Christopher Synsvoll, and Dianna Krist. Docket Entry 1. On June 19, 2008, Plaintiff Filed a Motion to Amend his complaint to add an additional 40+ defendants, which the Court granted. Docket Entries 16, 17. On August 4, 2008, Plaintiff filed a pleading purporting to withdraw his amended complaint. Docket Entry 21. Although representation authority has been approved for the defendants named in Plaintiff's initial complaint, the process of approving representation for the defendants named in Plaintiff's amended complaint is still on-going.

**STATEMENT OF FACTS**

Montgomery Carl Akers, *pro se*, Register No. No. 02866-081 ("Plaintiff"), commenced this action on January 24, 2008, by filing a complaint alleging various constitutional claims. Docket Entry 1. He filed a Motion for Leave to Proceed *IFP* on the same day that was granted on February 27, 2008. Docket Entry Nos. 2, 6. Defendants argue in their Motion for Reconsideration, submitted simultaneously herewith, that Plaintiff has accumulated least three strikes under the PLRA or that the Court should exercise its discretion to revoke Plaintiff's IFP status pursuant to *Butler v. DOJ*, 492 F.3d 440 (D.C. Cir. 2007).

**ARGUMENT**

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA. *Chandler v. D.C. Dept. of Corrections*, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required to pay an initial partial filing fee and then the balance of the entire filing fee in monthly installments. *See* 28 U.S.C. § 1915(b); *Chandler*, 145 F.3d at 1357. However, absent imminent danger of serious physical harm,[2] an inmate may not proceed *in forma pauperis* if the inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim (commonly referred to as the "three strikes"). *See* 28 U.S.C. § 1915(g); *Ibrahim v. District*

---

[2] An inmate faces "imminent danger" when a "threat or prison condition is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Imminent danger is measured at the time the complaint or appeal is filed or when the motion to proceed *in forma pauperis* is made. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-14 (3rd Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998).

of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999); *Chandler*, 145 F.3d at 1357.  If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed.  *Smith*, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g).  *Ibrahim*, 208 F. 3d at 1036.  Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike.  28 U.S.C. § 1915(g); *Kalinowski v. Bond*, 358 F. 3d 978, 978 (7th Cir. 2004); *Thompson v. Gibson*, 289 F.3d 1218, 1222-23 (10th Cir. 2002); *Adepegba v. Hammons*, 103 F. 3d 383, 388 (5th Cir. 1996).  However, properly filed habeas petitions normally are not considered strikes under the PLRA.  *Blair-Bey v. Quick*, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

"Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders to dismiss and, if so whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998).  A Court may survey the dismissed lawsuits filed by the inmate to identify at least three that were dismissed as frivolous, malicious, or for failure to state a claim.  *Judd v. Furgeson*, 239 F. Supp. 2d 442, 443, n.1 (D. N.J. 2002) (frequent inmate litigator had filed over 200 suits in federal courts; court identified more than a dozen dismissed at the outset as frivolous).  The functional equivalent of a dismissal for failure to state a claim or for frivolousness is counted as a strike.  *Rivera*,144 F.3 at 731 (dismissal upon screening under *Heck* doctrine was equivalent to failure to state claim; dismissal for abuse of process counts as strike even though the court did not use the words "frivolous" or malicious").

In light of the forgoing legal mandates and the fact that it appears that Plaintiff has accumulated three strikes under PLRA or has abused his IFP privileges pursuant to *Butler*, Defendants respectfully request that briefing on the merits of dispositive issues be stayed pending resolution of Plaintiff's IFP status. In addition, staying this action is apropos in order to ensure that the Court and Defendants are not unduly burdened by meritless litigation.

September 2, 2008                                  Respectfully submitted,

                                     __/s/_____
                                     JEFFREY A. TAYLOR, D.C. BAR # 498610
                                     United States Attorney

                                     __/s/_____
                                     RUDOLPH CONTRERAS, D.C. BAR # 434122
                                     Assistant United States Attorney

                                     __/s/_____
                                     KENNETH ADEBONOJO
                                     Assistant United States Attorney
                                     Judiciary Center Building
                                     555 4th Street, N.W. – Civil Division
                                     Washington, D.C.  20530
                                     (202) 514-7157
                                     (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MONTGOMERY C. AKERS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | Civil Action No. 08-0140 (EGS) |
| v. ) | (ECF) |
| ) | |
| **HARRELL WATTS, et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### ORDER

UPON CONSIDERATION of Defendants' Motion To Stay and the entire record herein, it is hereby

ORDERED that Defendants' motion to stay is GRANTED and dispositive briefing in this matter is stayed until either Plaintiff's IFP status is reaffirmed or he pays the required filing fee.

ORDERED that if Defendants' motion is DENIED, Defendants shall have until thirty days from the date of this ruling to file a response to Plaintiff's complaint.

_____                                       _____
DATE                                          HON. EMMET G. SULLIVAN, U.S.D.J.

Copies to:

KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530

MONTGOMERY CARL AKERS
R# 02866-081
Florence ADMAX. USP
POB 8500
Florence, CO 81226

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of September, 2008, I caused the foregoing Defendants' Motion to Stay to be served on Plaintiff via first-class mail postage prepaid to:

MONTGOMERY CARL AKERS
R# 02866-081
Florence ADMAX. USP
POB 8500
Florence, CO 81226

/s/_____
KENNETH ADEBONOJO
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7157
(202) 514-8780 (facsimile)