UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONTGOMERY CARL AKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-0140 (EGS) |
| ) | |
| HARRELL WATTS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on defendants' Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.[1]  For the reasons discussed below, the motion will be denied without prejudice.

### I.  BACKGROUND

Plaintiff states that he has been "redesignated and classified as a terrorist" to whom a "maximum management variable" has been assigned.  Compl. at 3.[2]  He currently is incarcerated at the Administrative Maximum facility United States Penitentiary in Florence, Colorado

---

[1] The Order accompanying this Memorandum Opinion also will resolve all the non-dispositive motions pending to date.  The Court has reviewed each of plaintiff's motions, and concludes that all but one are without merit.  His motion to withdraw an amendment to his Complaint [Dkt. #21] will be granted.  Defendants' motions for extensions of time will be granted *nunc pro tunc*.

[2] To the preprinted form Complaint, plaintiff attaches sixteen sequentially numbered handwritten pages ("Statement of Claim").  References to the Complaint in this Memorandum Opinion are references to the handwritten Statement of Claim.

("ADX").  *Id.* at 2.  Generally, he alleges that ADX staff acted together to "confiscate the outgoing and incoming mail of the plaintiff without official notice or due process," *id.* at 4, and to copy and send his mail to a Special Agent of the Federal Bureau of Investigation.  *Id.* at 5.  In addition, he alleges that these defendants "confiscated and opened [his legal mail] outside of his presence without his permission or warrant."  *Id.*  Among other harms plaintiff allegedly has suffered because of defendants' actions, he states that he is denied communication with his family and that a civil action before the United States District Court for the District of Nevada has been dismissed.  *Id.* at 9-10.  Plaintiff demands compensatory, punitive and special damages and injunctive relief.  *Id.* at 9-16.

II. DISCUSSION

Defendants move to reconsider the Order granting plaintiff leave to proceed *in forma pauperis* on the ground that he has accumulated "three strikes" under the Prison Litigation Reform Act ("PLRA"), *see* 28 U.S.C. § 1915(g).[3]  *See* Defendants' Memorandum of Points and Authorities in Support of Their Motion to Reconsider the Order Granting Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("Defs.' Mot.") at 2-4.  In the alternative, defendants argue that the Court should exercise its discretionary authority to revoke plaintiff's *in forma pauperis* status because he is a prolific filer.  *See id.* at 5-6.

---

[3] The Court rejects plaintiff's argument that the instant motion "did not comply with the Court's Order as an 'Answer' or 'Responsive Pleading.'" Response to Motion to Stay Proceedings Pending Resolution of Defendants' Motion to Reconsider Plaintiff's *In Forma Pauperis* Status [Dkt. #24] at 3.  Nor does the Court find meritorious plaintiff's assertions that the motion was filed in bad faith or that it is frivolous.  *See id.* at 7; *see generally* Combined Addendum of Points and Authorities and Brief in Support of Plaintiff's Response to Stay Proceedings Pending Resolution of Plaintiff's *In Forma Pauperis* Status[] and Motion to Show Cause and for Sanctions Against Defendants['] Counsel [Dkt. #25].  Accordingly, the Court denies plaintiff's motion for sanctions and to strike [Dkt. #28].

Pursuant to the PLRA, a prisoner may not proceed *in forma pauperis* if, while incarcerated, he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006); *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. 2000); *Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

The Court takes judicial notice of the records of this Court and of other federal courts. *See, e.g., Dupree v. Jefferson*, 666 F.2d 606, 608 n.1 (D.C. Cir. 1981) (taking judicial notice of record in related civil action "pursuant to [its] authority to judicially notice related proceedings in other courts") (citations omitted); *Baker v. Henderson*, 150 F. Supp. 2d 13, 15 (D.D.C. 2001) (noting that the court make take judicial notice of matters of general public nature, including court records, without converting motion to dismiss into a motion for summary judgment). According to PACER, plaintiff has filed 28 civil actions in federal courts nationwide.[4] The Court has reviewed only those cases discussed in defendants' motion, and identifies two strikes.[5]

---

[4] Defendants represent that there are 20 appeals also. *See* Def.'s Mot. at 5 & Ex. A (PACER printout).

[5] Plaintiff may earn a third strike with the dismissal of a *Bivens* action by the United States District Court for the Southern District of California. *See Akers v. Rukosek*, No. 08-0725 H (S.D. Cal. Apr. 25, 2008) (dismissing complaint without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b) for failing to state a claim upon which relief can be granted and for seeking monetary damages against immune defendants, *but* granting plaintiff leave to file amended complaint curing deficiencies), *appeal docketed*, No. 08-56413 (9th Cir. Aug. 27, 2008). A dismissal must be final to count as a strike, *see Thompson*, 492 F.3d at 432, and the
(continued...)

The United States Court of Appeals for the Tenth Circuit affirmed the district court's dismissal of plaintiff's *Bivens* action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *Akers v. Martin* No. 06-3273, 2007 WL 867176 (10th Cir. Mar. 23, 2007). The district court's dismissal was one strike, but its affirmance by the Tenth Circuit was not a second strike because the appeal itself was not dismissed for any of the reasons set forth in § 1915(g). *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) ("It is straightforward that affirmance of a district court dismissal as frivolous counts as a single 'strike.'").[6] Plaintiff earned a second strike in *Akers v. Vratil*, No. 05-3080-GTV (D. Kan. Mar. 24, 2005). The district court dismissed a *Bivens* action against the District Court judge presiding over plaintiff's criminal case and the Assistant United States Attorney who prosecuted the case pursuant to 28 U.S.C. § 1915A(a), (b) because these defendants were immune from suit. *See id.*

It is true that plaintiff is a prolific filer. So vexatious were his filings in the United States District Court for the District of Colorado that he now "is subject to a sanction order that restricts

---

[5](...continued)
appeal has not yet been decided.

[6] It does not appear that another Tenth Circuit case, *Akers v. Sandoval*, No. 95-1306, 1996 WL 635309 (10th Cir. Nov. 4, 1996), qualifies as a strike. Although the Tenth Circuit affirmed the district court's dismissal of all claims, including those brought under 42 U.S.C. § 1983, *Bivens*, and the Racketeer Influenced and Corrupt Organizations Act, it is not clear from its opinion that the district court dismissed the action as frivolous, malicious, or for failure to state a claim. Dismissal on any other ground does not qualify as a strike under 28 U.S.C. § 1915(g). *See, e.g., Butler v. Dep't of Justice*, 492 F.3d 440, 443 (D.C. Cir. 2007) (dismissal for failure to prosecute an appeal is not a strike under § 1915(g)); *Maree-Bey v. Williams*, No. 04-1759, 2005 WL 3276276 at *2 (D.D.C. Aug. 1, 2005) (dismissal for complaint's failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure is not count a strike under § 1915(g)). Nor is it clear that the entire action was dismissed as falling into one of the three strike categories. *See Thompson*, 492 F.3d at 432.

his ability to file *pro se* actions" in that district.[7] *Akers v. Wiley*, No. 08-CV-00434-BNB, 2008 WL 1923117, at *1 (D. Colo. Apr. 25, 2008) (citing *Akers v. Sandoval*, No. 94-B-2445 (D. Colo. June 20, 1995), *aff'd*, 100 F.3d 967 (10th Cir. 1996)).  The instant civil action is the only action plaintiff has filed in this district.  Neither plaintiff's prolific filings in other federal courts nor the 150 inmate grievances filed since 2000, *see* Defs.' Mot. at 6 & Ex. B (Administrative Remedy Generalized Retrieval printout), justifies imposing any restriction on plaintiff's ability to proceed *in forma pauperis* in this district at this time.

The Court concludes that plaintiff is not barred under the "three strikes" provision and is not otherwise abusing the *in forma pauperis* privilege in this district at this time.  Accordingly, defendants' motion for reconsideration is denied without prejudice.  An Order consistent with this Memorandum is issued separately.


Signed:     EMMET G. SULLIVAN
            United States District Judge

Dated:      December 12, 2008

---

[7] "[T]he sanction order in 94-B-2445 is not related in any way to § 1915(g)." *Akers v. Wiley*, No. 07-cv-02292-BNB, 2007 WL 4539211, at *1 (D. Colo. Dec. 19, 2007).