## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MONTGOMERY CARL AKERS, | ) |
| Plaintiff, | ) |
| v. | )     Civil Action No. 08-0140 (EGS) |
| HARRELL WATTS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the Court on defendant Jacquelyn E. Rokusek's motion to dismiss and plaintiff's motion to amend the complaint as to defendant Rokusek. For the reasons discussed below, the Court will grant the former and deny the latter.

### I.   BACKGROUND

In September 1997, plaintiff was convicted of fourteen counts of bank fraud and one count of uttering and possessing a counterfeit security with intent to deceive. *See United States v. Akers*, 215 F.3d 1089, 1093 (10th Cir. 2000). The court sentenced plaintiff to 105 months' imprisonment. *Id.* at 1096. While serving this sentence at a United States Penitentiary and at a Corrections Corporation of America facility in Leavenworth, Kansas, plaintiff engaged in fraudulent schemes culminating in his guilty plea to one count of wire fraud. *See United States v. Akers*, 261 Fed. Appx. 110, 111-12 (10th Cir. 2008). The court sentenced plaintiff to 327 months' imprisonment. *Id.* at 114.

1

Plaintiff, who now is incarcerated at the Administrative Maximum facility in Florence, Colorado ("ADX"), allegedly became "the subject of a clandestine operation . . . conducted . . . by the Counter-Terrorism Division of the [Federal Bureau of Investigation ("FBI")] beginning in June, 2000." Amd. Compl. at 7. Defendant Jacquelyn E. Rokusek, a Special Assistant United States Attorney for the District of Kansas, *id.* at iv, allegedly participated in the operation:

> With the help of the District Court in Kansas, Defendant Rokusek became a "Special Assistant U.S. Attorney" working directly from and for the Executive Counsel of United States Attorneys, Washington, D.C., and the F.B.I. Counter-Terrorism Unit, Washington, D.C. Defendant Rokusek worked in a dual capacity as a "court-appointed defense counsel" and surrogate prosecutor/investigative counsel. Rokusek would supply the Washington Bureau of the F.B.I. directly by telephonic and mail communication for a period of three years, from September, 2005, to approximately December 2007. It is believed that Rokusek continues to work in said capacity as it relates to the plaintiff to this day.

*Id.* at 9-10. In this way, Rokusek allegedly "entered into a collusion and conspiracy to violate the constitutional rights of the plaintiff by frustrating and restraining his communication with the outside world, without notice or due process, in order to destroy his family, social, business, . . . professional and religious ties to the community." *Id.* at 1-2. Plaintiff demands compensatory and punitive damages, in addition to other relief. *See id.* at 17-22.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

2

A motion under Rule 12(b)(6) does not test a plaintiff's likelihood of success on the merits;

rather, it tests whether a plaintiff properly has stated a claim. *See Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974). "When ruling on a defendant's motion to dismiss, a judge must accept as true

all of the factual allegations contained in the complaint." *Atherton v. District of Columbia Office*

*of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94

(2007)) (other citations omitted). Although "detailed factual allegations" are not required to

withstand a Rule 12(b)(6) motion, a plaintiff must offer "more than labels and conclusions" to

provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. Or, as the Supreme

Court more recently stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A

claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw

a reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S.Ct. at

1949 (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "'merely

consistent with' a defendant's liability, . . . 'stops short of the line between possibility and

plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly* 550 U.S. at 557) (brackets omitted).

This amounts to a "two-pronged approach" under which a court first identifies the factual

allegations entitled to an assumption of truth and then determines "whether they plausibly give

rise to an entitlement to relief." *Id.* at 1950-51.

### B.  The Complaint Fails to State a Claim Against Jacquelyn Rokusek

Plaintiff brings this action against defendant Rokusek in her individual capacity under

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and

3

under 42 U.S.C. §§ 1983 and 1985 for alleged violations of his civil rights.  *See* Amd. Compl. at

1.  Rokusek argues that the amended complaint fails to state a claim against her upon which

relief can be granted.  Mem. of P. & A. in Supp. of Def. Jacquelyn E. Rokusek's Mot. to Dismiss

at 5-6.  The Court concurs.

Accepting the meager factual allegations of the amended complaint with respect to

Rokusek as true, the Court can only conclude that Rokusek communicated directly with the FBI

during the course of an investigation of plaintiff's activities while incarcerated in Leavenworth,

Kansas.  This fact is not sufficient to establish the violation of a constitutional right.  Moreover,

insofar as plaintiff alleges Rokusek's participation in a conspiracy to violate his civil rights in

violation of 42 U.S.C. § 1985(3), *see* Amd. Compl. at 1, the pleading is similarly deficient.

"Among other things, section 1985 plaintiffs must allege the elements of civil conspiracy,

including: 'an agreement to take part in an unlawful action or a lawful action in an unlawful

manner.'"  *Barr v. Clinton*, 370 F.3d 1196, 1200 (D.C. Cir. 2004) (quoting *Hall v. Clinton*, 285

F.3d 74, 83 (D.C. Cir. 2002)); *see Akers v. Daniel*, No. 09cv2840 (PAB), 2009 WL 4640659, at

*1-2 (D. Colo. Dec. 4, 2009) (dismissing complaint "against nine prison officials as well as four

district court judges and one magistrate judge in the District of Colorado, all of whom allegedly

conspired to violate his constitutional rights" on the ground that the complaint "fails to allege

specific facts in support of his vague and conclusory claims to demonstrate that each Defendant

has violated his constitutional rights").  Plaintiff fails to allege any facts that would allow the

Court to infer there was an agreement or a conspiracy among defendants.  The facts as plaintiff

alleges them clearly do not raise an inference that [defendants] were conspiratorially motivated . .

.."  *Atherton*, 567 F.3d at 688.

4

Plaintiff's allegations as to defendant Rokusek amount to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 129 S.Ct. at 1949, and the proposed amendment to the complaint [Dkt. #69] does not cure this defect.

Insofar as plaintiff demands compensatory and punitive damages for Rokusek's activities leading to his indictment or conviction of wire fraud, he is not entitled to such relief. The Supreme Court has held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where, as here, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," *id.*, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Plaintiff makes no such showing, and his claim is not cognizable.

III.   CONCLUSION

The Court concludes that the Amended Complaint fails to state claims against defendant Rokusek upon which relief can be granted.  Accordingly, Rokusek's motion to dismiss will be granted.  An Order accompanies this Memorandum Opinion.

Signed:          EMMET G. SULLIVAN
                 United States District Judge

Dated:           March 10, 2010